SMITH & WASHINGTON V. STATE, AND PHILLIPS V. STATE.

APPEALS TO THE SUPREME COURT:   *Time allowed in misdemeanors.*
  Unless the transcript in a misdemeanor case is filed with the clerk of
  the Supreme Court within sixty days after the judgment is rendered,
  this court will not take cognizance of the appeal, but will leave the
  party aggrieved to his remedy by writ of error.

APPEAL from *Perry* Circuit Court.
Hon. J. B. WOOD, Judge.

APPEAL from *Washington* Circuit Court.
Hon. J. M. PITTMAN, Judge.

SMITH, J.   These are appeals from convictions for mis-
demeanors, in which the transcripts were filed out of time.
In the first mentioned case the judgment was rendered
March 13, 1886, and a motion for new trial was denied on
the 18th of the same month.   The transcript was lodged
here May 18th, and the attorney-general was moved to dis-
miss the appeal.   In response to this motion the appellants
have filed an affidavit to the effect that the transcript was
delivered into the hands of their attorneys on the 6th of
May ; that it was forwarded by mail the next day to the
clerk of this court and reached him in due time, but was
discovered, upon inspection, not to be authenticated by the
seal of the circuit court, and that the delay in filing the
same was caused by the necessity of remedying this de-
ficiency.

In the other case, also, an affidavit of due diligence has
been made, which the attorney-general admits to be suffi-
cient, and he consents that the transcript may be filed, pro-
vided he has any power or right to waive the time of filing.

These appeals were granted by the court below upon the express condition, upon which alone an appeal can be granted in a prosecution for a misdemeanor, namely : that the record should be lodged in this court within sixty days after the judgment.   *Mansf. Dig., sec. 2433.*

In *Silverburg v. State, 30 Ark., 39*, this court refused to take jurisdiction of an appeal under similar circumstances, nothwithstanding an agreement of the prosecuting attorney who tried the case to extend the time.   And it was there said that the court knew of no authority which the prosecuting attorney possessed to dispense with the requirement of the statute.   But the two cases which are here presented of waiver by the attorney-general and of prevention by supposed unavoidable casualties, were reserved for future consideration.

Our Criminal Code of Procedure was borrowed from Kentucky; and it is the settled construction of this provision in that state that the appellate court will not take cognizance of an appeal where the transcript is filed out of time.   *Commonwealth v. Adams, 16 B. Monroe, 338 ; Commonwealth v. McCready, 2 Metc., 376; Wood v. Commonwealth, 11 Bush., 220; Stratton v. Com., 1 S. W. Rep., 83; Metcalf v. Com., ib., 878.*   We remark, however, that we see no good reason for the distinction taken in *Louisville Chemical Works v. Commonwealth, 8 Bush., 179*, that the computation of time is to be made from the overruling of a motion for a new trial.   The statute says from the rendition of the judgment.

In *Perrin, ex parte, 41 Ark., 195*, the validity of a judgment rendered against a prosecutor in a misdemeanor case and his sureties on the appeal bond, upon an appeal from a justice of the peace to the circuit court, was questioned. *Section 2434 of Mansfield's Digest* forbids the taking of such an appeal after sixty days from the time of judgment ren-

dered. In that case the judgment was rendered May 2d; the appeal was taken May 11th; but the transcript and original papers were not filed until July 3d. And it was held that no motion on the part of the state to dismiss the appeal having been made, but the parties having gone to trial on the merits, the circuit court was not deprived of jurisdiction to try the case. But the language of the two statutes is not identical. The taking of the appeal may refer, in the one case, to the prayer for an appeal and the execution of an appeal bond, if the appellant desires to supersede the judgment before the justice of the peace, though it will be the safer course for a defendant desiring to appeal from such a judgment to see to it that the transcript of the docket entries and the papers in the case are transmitted to the clerk before the expiration of the sixty days.

*Section 1271 of Mansfield's Digest* gives this court authority in civil cases to extend the time for filing a copy of the record upon cause shown. No such authority is conferred in misdemeanor cases; and the omission is significant. The right of appeal must be exercised under such restrictions as the legislature may see proper to impose. *Constitution of 1874, art. 7, sec. 4.*

A requirement that the transcript shall be lodged here within sixty days is not unreasonable. And unless the condition be complied with, we will not take cognizance of the appeal, but the party aggrieved will be driven to his writ of error; for, otherwise, our jurisdiction to entertain appeals would be regulated by our discretion, and not by the provisions of law in this behalf.

The appeals are dismissed.