## DAVIES V. NICHOLS.

1.  APPEALS: *May be prosecuted by administrator.*

    An administrator may take an appeal from a judgment of the Probate Court re-
    jecting a claim presented by his intestate for allowance against an estate, and
    may prosecute such appeal to the same extent the intestate might have done.

2.  BILL OF EXCEPTIONS: *Order giving time to file.*

    Under Mansf. Dig., sec. 5157, providing that time may be given to reduce excep-
    tions to writing, but not beyond the succeeding term of the court, an order giv-
    ing until a day of such term to file a bill of exceptions, passes beyond the con-
    trol of the court on the expiration of the term at which it is made; and the
    court has no authority to shorten or extend the time at a subsequent term.

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

J. H. Nichols having filed in the Probate Court his claim
against the estate of J. H. Law, deceased, died before it was
heard and determined. It was disallowed after his death, and
at a subsequent term of the court J. H. Nichols, Jr., who had
been appointed administrator of his estate before the judgment
of disallowance was rendered, took an appeal therefrom to the
Circuit Court, where a trial at the March term, 1887, resulted
in a judgment in favor of Nichol's estate. From the latter
judgment Davies, the administrator of Law, prosecutes this
appeal. On over-ruling Davies' motion for a new trial, the
Circuit Court gave him until the second day of the next term
to file his bill of exceptions. The next term began on the
26th of September, and on the 27th day of that month the
court allowed him ten days further time. On the 8th day of
October the time was extended until the 16th of January, and
the bill was not signed or filed until the day last mentioned.

Section 5157 Mansf. Dig. provides that the party objecting
to a decision "must except at the time the decision is made, and
time may be given to reduce the exceptions to writing, but not
beyond the succeeding term."

*R. G. Davies* and *U. M. & G. B. Rose*, for appellant.

By statute time may be granted not later than the end of

the next term. *Mansf. Dig., sec. 5157.* If time is granted and is suffered to elapse without action, the court loses control over the proceedings. But by granting leave to a day of the next term, it retains possession of the case, and may give a further extension, not exceeding the statutory limit. *Wells on Questions of Law and Fact, 640.*

L. *Leatherman*, for appellee.

The bill of exceptions is no part of the record. *34 Ark., 342; 38 id., 280; 42 id., 448; 39 id., 558.*

There being no bill of exceptions, it will be presumed that the verdict was sustained by the evidence. *41 Ark., 225; 47 id., 230.*

The legal representative of an estate may prosecute an appeal without the case being revived. *47 Ark., 411; Mansf. Dig., sec. 1289.*

PER CURIAM. The administrator of Nichols had the right APPEALS. to take the appeal from the judgment of the Probate Court in this case, and prosecute it to the same extent his intestate might have done. *Trapnell, ex parte, 29 Ark., 60.*

There is no bill of exceptions in the record. The paper pur- EXCEP- porting to be a bill of exceptions was not signed by the Judge TIONS. and filed within the time first given by the court. The order fixing the time within which the bill of exceptions might be signed by the Judge and filed became final, and passed beyond the control of the court, when the term at which it was made expired, and the court had no authority to shorten or extend the time at a subsequent term. *Mansf. Dig., sec. 5157; Carroll v. Saunders, 38 Ark., 216; St. L., I. M. & S. Ry. v. Rapp, 39 Ark., 558; Adler v. Conway County, 42 Ark., 488; St. L., I. M. & S. Ry. v. Holman, 45 Ark., 102; Myrick v. Alexander Merrett, 21 Fla., 799.*

Inasmuch as the bill of exceptions, in this case, cannot be regarded as any part of the record, the questions presented by appellant cannot be considered.

Judgment affirmed.