ALEXANDER *v*. STATE.

Opinion delivered May 20, 1902.

1. APPEAL AND ERROR—NECESSITY OF OBJECTION IN CAPITAL CASE.— Though the act of May 31, 1909, provides that in capital cases there need not be any exceptions saved to the rulings of the court, still there can be no reversal of a criminal case for an erroneous instruction which was not objected to. (Page 508.)

2. HOMICIDE—INSTRUCTIONS.—It was not error in a prosecution for murder to refuse to instruct the jury as to the degrees of homicide lower than murder in the first degree where, according to the undisputed evidence, defendant was guilty of that degree of murder if he was of sufficient mental capacity to commit it. (Page 508.)

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*A. T. Whitelaw,* for appellant.

1. The jury could not have understood the additional instruction prescribing the form of their verdict, given at the conclusion of the argument, otherwise than as directing a verdict of murder in the first degree or acquittal. The instruction cut the jury off from consideration of a lower degree of homicide, or the nature of the penalty that might otherwise have been imposed. It was a patent invasion of the province of the jury. 110 U. S. 590; 172 U. S. 312; 74 Ark. 451; 43 Ark. 289; 50 Ark. 506, 508; 52 Ark. 345, dissenting opinion 348; 11 Ark. 457; 70 Ark. 286; 45 Ark. 165, 172; 45 Ark. 493, 494; 49 Ark. 448; *Id.* 148; 54 Ark. 284; 58 Ark. 109; Wharton on Homicide, (3 ed.) § 12, p. 213; Kirby's Dig. § 2409; 89 Pac. 634; 107 Pa. 69; 24 O. C. C. 1; 8 O. St. 131; 29 O. 402; 59 Pa. 371; 72 Pa. 60; 19 Conn. 391; 8 O. St. 294; 10 Yerg. 551; 1 Leigh. 611; 19 Nev. 47; 3 Am. St. Rep. 776; 5 Pac. 822; 11 Wash. 244; 89 Pac. 634; 26 Ark. 329; *Id.* 534; 7 Ia. 236; 58 Ark. 239; 34 Ark. 649; 58 Ark. 239.

2. Counsel reviews the evidence of the question of the appellant's mental condition, contends that the jury's verdict

is not conclusive, and that his plea of insanity should be sustained.   Wharton on Homicide, (3 ed.) §§ 539, 540; Peterson & Haines' Text Book of Legal Medicine and Toxicology, 642.

*Hal L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellee.

1.   The court had in another instruction properly charged the jury as to the lower degree of murder, and the instruction as to the form of the verdict was not an expression of opinion as to the defendant's guilt, or the degree thereof.   Moreover, it was given without objection, and no request was made for an instruction as to the form of the verdict, in case the jury found him guilty of murder in the second degree.   94 Ark. 65; 96 Ark. 145; *Id.* 87; 74 Ark. 259; 50 Ark. 506; 30 Ark. 328; 37 Ark. 435; 52 Ark. 345.

2.   The evidence on the question of appellant's insanity is sufficient to sustain the verdict, and the jury's finding is conclusive.

McCULLOCH, C. J.   Appellant, W. C. Alexander, was indicted by the grand jury of Jefferson County for the crime of murder in the first degree for the killing of one J. P. Kelly, alleged to have been committed in the city of Pine Bluff on July 29, 1911.   His counsel entered for him a plea of present insanity, and a jury was impaneled to try that issue, the trial resulting in finding the appellant to be sane.   A plea of not guilty was entered, and on appellant's petition a change of venue was granted, and the case removed to Desha County for trial.   The trial resulted in a verdict and judgment against appellant for murder in the first degree.

Counsel for appellant contend for reversal on the ground that the verdict in the first trial on the question of insanity of the accused was contrary to the weight of the evidence; but we must dispose of that contention merely by saying that the evidence was conflicting, and the verdict should be sustained, there being sufficient evidence to warrant the finding that appellant was sane.

The killing occurred at night in a saloon.   Appellant and the deceased, together with several other men, went into a pool room adjoining the saloon  for the purpose of engaging in a game of cards.   A dispute arose between appellant and

deceased concerning a misdeal of the cards, and the latter accused the former of being a crook and also called him a liar. Some say that the two nearly came to blows, but were prevented by the other men. This broke up the game, and all of the participants left the room, appellant going outside the building and the others, including deceased, repairing to the saloon, where they remained until appellant returned and fired the shot twenty or thirty minutes later. Appellant entered the saloon door with a pistol in his hand, and walked up to within a few feet of deceased, and said, "Now, you big son-of-a-bitch, now say what you said a while ago." Deceased was standing up against the bar; and when appellant spoke as above, the former threw up his hands and replied, "Hold on," or "Wait a minute." Some of the witnesses say that he called appellant by name, and exclaimed: "Don't do that." Appellant fired the first shot, and deceased grabbed him, and they fell to the floor, deceased on top, and another shot was fired by appellant about that time, either just before or just after they fell. Deceased rolled to one side, and died from the wound in a few minutes. There is no substantial difference between the respective narratives of the numerous eye-witnesses as to the circumstances attending the killing, and the testimony may be treated as undisputed. Appellant did not testify, and adduced no testimony except that tending to establish a lack of sufficient mental capacity to make him criminally responsible for his act. The State introduced other witnesses as to appellant being seen on the street going toward the saloon immediately before the shots were fired. Those who saw him testified that he did not have his pistol in his hand before he went into the saloon door. The only statement or conversation of appellant, while he was on the street just before the killing, was related by a witness, who said he heard some one call to appellant and ask him a question (not understood by the witness), and he replied, "I have got until Monday morning to get back." Witness testified that when the conversation occurred appellant walked past the saloon door about ten feet, and then turned and walked back and went in the door, and the shots were heard immediately after that.

No part of the court's charge was objected to. It covered

fully and correctly the law of both degrees of murder, and concluded with the following direction as to the form of the verdict, which is now urged as error, notwithstanding there was no objection to it:

"Gentlemen of the jury: If you find the defendant guilty of the crime, the form of your verdict will be as follows: We, the jury, find the defendant, W. C. Alexander, guilty of murder in the first degree as charged in the indictment. If you find him not guilty, your verdict will be: We, the jury, find the defendant not guilty."

As before stated, no objection was made to this or any other part of the court's charge, nor was there any request for any other instruction. In *Harding* v. *State*, 94 Ark. 65, we held that, unless objection be made in a capital case to the admission of testimony so as to call for a ruling of the trial court, the question can not be presented here on appeal as to the admissibility of such testimony, and, as said by Judge BATTLE in the opinion in that case, "the same is true as to the law of the case." The statute provides that in capital cases there need not be any exceptions saved to a ruling of the trial court, but that court is not called on to rule on a question unless a request or objection is made. Therefore, on appeal there is no decision of the trial court to review. However, in the present case it would not have been error for the court to refuse to charge the jury as to the degrees of homicide lower than murder in the first degree; for, according to the undisputed evidence, appellant was guilty of that crime, if he was of sufficient mental capacity to commit it. *Jones* v. *State*, 52 Ark. 345; *Allison* v. *State*, 74 Ark. 444. The testimony establishes every element of that degree of murder, and the narrative of facts given by each of the witnesses shows affirmatively that appellant committed the deed with premeditation and after deliberation. Without any provocation except an epithet, he went off and armed himself with a pistol, returned in twenty or thirty minutes to the place where he had left his intended victim, and deliberately slew him. Deceased was unarmed, and offered no violence except, after protesting against the assault, he endeavored to seize his assailant in order to prevent him from shooting. There is nothing whatever in the record to relieve the crime

of its atrocity if, as the jury found, the deceased was mentally capable of committing it. We are of the opinion, therefore, that appellant has been fairly tried and properly convicted, and that the judgment rendered against him should be affirmed. It is so ordered.