## GARDNER *v.* STATE.

### Opinion delivered October 17, 1910.

1. APPEAL AND ERROR—TIME FOR TAKING IN CRIMINAL CASES.—Under act of May 6, 1909, providing that "no appeal to the Supreme Court in a criminal case shall be granted, nor writ of error issued, except within sixty days after rendition of the judgment of conviction in the case," the time prescribed by the statute for taking an appeal runs from the rendition of the judgment of conviction and not from the overruling of the motion for new trial. (Page 146.)

2. SAME—CAPITAL CASES—REVIEW.—Under act of May 31, 1909, regulating the practice in the Supreme Court in capital cases, upon a conviction of a capital offense no exception to the decision of the lower court, nor motion for new trial is necessary to review an alleged error, but a bill of exceptions is still necessary in order to bring upon the record the proceedings which are otherwise not a part thereof. (Page 147.)

3. SAME—CAPITAL CASE—REVIEW.—Though act of May 31, 1909, renders the filing of a motion for new trial unnecessary in capital cases, a bill of exceptions is still proper to bring upon the record the oral proceedings and instructions of the court, which are otherwise not a part thereof. (Page 147.)

4. SAME—FILING BILL OF EXCEPTIONS AFTER APPEAL OR ERROR.—Where a bill of exceptions was signed by the trial judge and filed as a

part of the record after an appeal or writ of error was granted, it will be treated in the Supreme Court as part of the record and considered in the review of the case. (Page 148.)

Error to and appeal from Logan Circuit Court, Southern District; *Jeptha H. Evans,* Judge; appeal dismissed.

*J. H. Carmichael,* for appellant.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* assistant, for appellee.

PER CURIAM. Will Gardner was convicted in the circuit court of Logan County of the crime of murder in the first degree, the judgment of conviction being rendered on January 28, 1910. On that day, without any motion for new trial being filed or further proceedings had in the case, the court adjourned over until July 30, 1910, for a continuation of the term. On March 22, 1910, defendant obtained a writ of error from the clerk of this court, the record of the proceedings in the lower court up to that date was filed with the clerk here, and on the same day supersedeas was issued by order of one of the judges of this court staying execution of the judgment during the pendency of the cause. Subsequently an order was made passing the case, on the defendant's request, to enable him to apply to the circuit court at the adjourned term for a new trial.

When the circuit court convened again, on July 30, a motion for a new trial was filed by the defendant and overruled by the court; and the defendant obtained leave of that court to file a bill of exceptions within sixty days, and the bill of exceptions was filed within that time. On September 28, 1910, which was within sixty days from the date of the overruling of defendant's motion for new trial, an additional transcript of the proceedings of the lower court was presented to one of the judges of this court, and an appeal was granted. The Attorney General now moves the court to dismiss the appeal on the ground that the same was not granted within sixty days after the judgment of conviction; and also moves the court to strike out the bill of exceptions, on the ground that it was not a part of the record in the cause when the writ of error was issued.

The act of May 6, 1909, provides that "no appeal to the Supreme Court in a criminal case shall be granted, nor writ of error issued, except within sixty days after rendition of the judg-

ment of conviction in the case." The time prescribed by the statute for taking an appeal runs from the rendition of the judgment of conviction, and not from the overruling of the motion for new trial. *Moore* v. *Henderson*, 74 Ark. 181.

The act of May 31, 1909, regulating the practice in the Supreme Court in capital cases, is as follows: "In all cases appealed from the circuit courts of this State to the Supreme Court, or prosecuted in the Supreme Court upon writs or error, where the appellant has been convicted in the lower court of a capital offense, all errors of the lower court prejudicial to the rights of the appellant shall be heard and considered by the Supreme Court whether exceptions were saved in the lower court or not; and if the Supreme Court finds that any prejudicial error was committed by the trial court on the trial of any case in which a conviction of a capital offense resulted, such cause shall be reversed and remanded for a new trial, or the judgment modified at the discretion of the court."

In *Harding* v. *State,* 94 Ark. 65, this court held that in cases falling within the terms of the act no exception to the decision of the lower court is necessary in order for this court to review an alleged error, and that a motion in the lower court for a new trial is not a prerequisite to a review of errors by this court. The court in that case did not hold that one convicted of a capital offense could not apply to the circuit court for a new trial, or that the circuit court was without power to grant it. On the contrary, it is plain that the circuit court still has the power to grant a new trial upon timely application, notwithstanding the fact that, under the above mentioned statute, it is not essential to a review by this court. The statute repeals other statutes regulating the practice in capital cases only to the extent that they are expressly or by necessary implication in conflict with the later statute. The later statute renders the filing of a motion for new trial in capital cases nonessential to a review by the Supreme Court; but a bill of exceptions is still proper, in order to bring upon the record the proceedings which are not otherwise a part of the record. This is the only vehicle by which the oral proceedings and instructions of the court can be brought upon the record.

Now, it is proper for this court to consider the whole record

in a case, even that which is perfected after the appeal or writ of error is granted. The filing of the bill of exceptions is not a new proceeding, but is merely the record of proceedings which have already transpired. It is not an uncommon practice for this court to postpone the hearing of cases in order for defective records to be corrected, or for omissions in the record to be supplied. There appears to be no sound reason why a bill of exceptions, prepared and signed by the judge and filed as a part of the record after the appeal or writ of error is granted, should not be treated here properly as a part of the case and considered by the court in its review of the case. Of course, the bill of exceptions must be filed in the circuit court within the time prescribed by the statute, which was done in the present case. The circuit court, as it had the power to do under the statute (§ 6222, Kirby's Digest), extended the time in this case for filing the bill of exceptions, and the same was filed within that time.

The appeal is dismissed, on the ground that it was granted out of time; but the case will stand for hearing on the writ of error. Motion to strike out bill of exceptions is overruled.