BROMLEY *v.* STATE.

Opinion delivered December 12, 1910.

APPEAL AND ERROR—MISDEMEANORS.—Under Kirby's Digest, § 2614, providing that appeals to the Supreme Court in misdemeanor cases shall be granted "upon condition that the record is lodged in the clerk's office of the Supreme Court within sixty days after the judgment," the Supreme Court will not take cognizance of an appeal unless it is perfected within sixty days, although the failure to do so was due to the failure of the circuit clerk to prepare the transcript in time.

Appeal from Searcy Circuit Court; *Brice B. Hudgins,* Judge; appeal dismissed.

*Crump, Mitchell & Trimble,* and *A. Y. Barr,* for appellant.

*Hal L. Norwood,* Attorney General, for appellee.

McCULLOCH, C. J.    J. N. Bromley was convicted in the circuit court of Searcy County of a misdemeanor, and prayed an appeal to this court, which was granted by the circuit court. He failed to file a transcript of the proceedings in the office of the clerk of this court until after sixty days had expired from the date of judgment of conviction, but offers, as an excuse for such failure, the delay of the clerk of the circuit court in preparing the transcript. He presents the affidavits of his attorney and of said clerk showing that he applied to the clerk for a transcript soon after the appeal had been taken; that the latter promised to prepare it in time to perfect the appeal, but failed to do so; and that he repeatedly renewed the application with like result. The Attorney General signs a stipulation that the facts set forth in those affidavits are true.

No application has been made to this court to compel the circuit court clerk to furnish the transcript, but appellant seeks to excuse that by showing that he relied on the repeated promises of the clerk that the transcript would be forthcoming before the time for perfecting the appeal had expired.

The statute provides that in prosecutions for misdemeanors appeals to the Supreme Court shall be granted "upon condition that the record is lodged in the clerk's office of the Supreme Court within sixty days after the judgment." Kirby's Digest, § 2614. This court has repeatedly held that the statute lim-

its the power of the court to assume jurisdiction of a case, and that even in the event of hindrance by reason of unavoidable casualty the court can not take cognizance of an appeal unless it is perfected within sixty days. *Smith* v. *State,* 48 Ark. 148.

Mr. Justice SMITH, speaking for the court in the case cited above, said: "The right of appeal must be exercised under such restrictions as the Legislature may see proper to impose. Const. 1874, art. 7, § 4. A requirement that the transcript shall be lodged here within sixty days is not unreasonable. And, unless the condition be complied with, we will not take cognizance of the appeal, but the party aggrieved will be driven to his writ of error; for otherwise our jurisdiction to entertain appeals would be regulated by our discretion, and not by the provisions of law in his behalf."

Since then the statute has been amended so as to limit to sixty days after judgment the time for suing out a writ of error. Act of May 6, 1909. It follows that the transcript has not been filed here in time to give this court jurisdiction, so the appeal is dismissed.