CLARK *v.* AMERICAN EXCHANGE TRUST COMPANY.

4-3660

Opinion delivered October 8, 1934.

*C. B. Nance* and *R. V. Wheeler,* for appellant.

*J. H. Carmichael* and *Sam Rorex,* for appellee.

PER CURIAM. Appellee moves the dismissal of the appeal herein because filed one day too late. The facts are the six months provided by statute for lodging appeals in this court expired on Sunday, August 26, 1934, and this appeal was lodged here on Monday following. Under authority of *Bank of El Paso* v. *Neal,* 181 Ark. 788, 27 S. W. (2d) 1024, this appeal was lodged here one day too late and must be dismissed.

The view here expressed does not conflict with the opinion of this court in *McNutt* v. *State,* 163 Ark. 122, 258 S. W. 1. In the case last cited we were dealing with a statute which required an act to be done within a certain number of days, whereas the statute here under consideration requires the act to be done within a certain number of months, and this marks the difference in construction and interpretation as determined by practically all, if not all, the courts.

Let the appeal be dismissed.

SMITH, J., (dissenting). In dismissing this appeal because the transcript was not filed until Monday, Aug-

ust 27, 1934, for the reason that the six months expired on August 26, which day was Sunday, the majority have followed the dissenting opinion of Chief Justice McCulloch in the case of *McNutt* v. *State,* 163 Ark. 122, 259 S. W. 1, rather than the opinion of the majority of the court in that case written by Justice Hart.

That case recognized that there was a division in the authorities, and the dissenting opinion of Chief Justice McCulloch makes that fact clearly appear. In his dissenting opinion it was said: "It seems clear to me that this court, in holding that Sunday is to be excluded when the last day for appeal falls on that day, is deciding contrary to the almost unanimous decisions of other courts, and I think the ruling is contrary to the express language of the statute, which requires that the appeal must be perfected within sixty days. In excluding Sundays we are reading something into the statute which cannot be found there, for the manifest purpose of the lawmakers in framing this statute was not to allow sixty juridical days within which to perfect an appeal, but to fix a period of time, namely, sixty calendar days, within which an appeal must be perfected. The fact that, in some instances, we have statutes requiring appeals and such other proceedings to be completed within a very short time, should be very persuasive to the Legislature, either to lengthen the time or to exclude Sundays, but it affords no reason why we should read something into the statute which is not found in its language."

However, this argument made by the learned Chief Justice did not convince the majority, and his view was not adopted by the other members of the court, and it occurs to me that the only question now presented is whether we should adhere to the majority opinion, or should recede from it and adopt the view so ably expressed in the dissenting opinion.

It is true the McNutt case, *supra,* was a criminal case, whereas the instant case is not; but this fact makes no difference. The rule for computing time is the same in both.

It is true also that the statute construed in the McNutt case related to the number of days within which

an appeal must be perfected, whereas the statute here considered relates to the number of months within which to perfect an appeal; but it is respectfully submitted that this difference is of no controlling importance. The opinion of the majority in the McNutt case was based upon the ground that, both at common law and by statute in this State, Sunday is not a juridical day, and that when the last day allowed by law for lodging a transcript in the office of the clerk of this court falls on Sunday, the transcript may be filed on the following Monday. The transcript in that case was not filed within sixty days, as the statute there construed required, but the failure so to file was excused because the last day on which it should otherwise have been filed was a Sabbath day, which we said was *dies non.*

If August 26, 1934, had not been a Sabbath day, the transcript could, without doubt, have been filed on that day. That fact is not questioned. But inasmuch as that day was not a juridical day, the transcript could be legally filed, under the authority of the majority opinion in the McNutt case, *supra,* on the following day.

*Bank of El Paso* v. *Neal,* cited in the majority opinion, does not hold to the contrary. It was decided in that case that an appeal granted on January 16, 1930, from a judgment rendered July 15, 1929, was not taken within six months as required by § 2140, Crawford & Moses' Digest, but the preceding day in that case, the 15th, was not a Sabbath day. As a matter of fact, it was a Wednesday. The holding in that case, as applied to the instant case, means only that the transcript should have been lodged with the clerk. of this court on or before August 26, 1934, provided August 26 had not been a Sabbath day. Filing a day later, under the authority of that case, would have been a day too late but for the circumstance that this day was a Sabbath day, a *dies non,* and it could therefore under the majority opinion in the McNutt case, *supra,* have been filed on the following day, but not later than that day.

The case of *Armstrong* v. *McGough,* 157 Ark. 173, 247 S. W. 790, supports the view I have just expressed.

That case involved the payment of rent to keep in force a mineral lease in which time had been made of the essence of the contract, under the terms of which the rent was payable on or before September 11, 1921. That day was a Sabbath day, and the payment was not actually made until the following day, September 12. The chancellor held that the payment had not been made in apt time. In reversing that holding we there said: "The general rule with regard to contracts is that, when an act is to be performed within a certain number of days, and the last day falls on Sunday, the person charged with the performance of the act has the following day to comply with his obligation. The majority rule is that Sunday cannot, for the purpose of performing a contract, be regarded as a day in law, and should, as to that purpose, be considered as stricken from the calendar. In computing the time mentioned in a contract for the doing of an act, intervening Sundays are to be counted, but when the last day for performance falls on Sunday, it is not to be taken into computation."

A number of cases are there cited in support of that declaration of the law, and the cases support the declaration made. But, whether they in fact accord with the majority view as there stated or not is now unimportant, as we then laid down the rule to be followed in this State, and now, for the sake of uniformity and certainty in the administration of the law in this State it should be adhered to. An examination of this Armstrong case, *supra,* will disclose the fact that the delayed payment there made was to be made within twelve months to extend the lease for another year. It appears therefore so far as the Sunday law is concerned, that it is immaterial whether the act to be done is to be performed within a given number of days, or a given number of months; if the last day of performance falls on the Sabbath, performance may lawfully be made on the next ensuing day.

There is no good reason to have one rule to be applied in the case of contracts and a different rule to be applied to the same state of facts in the construction of statutes. The true rule, if we are to follow our own

cases, is that (in the construction either of a contract or of a statute) if the last day of performance falls on the Sabbath, the act required may be performed on the first day thereafter.

This appeal was therefore in my opinion, lodged in apt time, and should not be dismissed.