WALTON *v.* RUCKER.

4-4744

Opinion delivered October 11, 1937.

*McDaniel, McCray & Crow,* for appellant.

*Kenneth C. Coffelt* and *Ernest Briner,* for appellee.

McHANEY, J.   This is the second appeal in this case. *Walton* v. *Rucker,* 193 Ark. 40, 97 S. W. (2d) 442.   The case was reversed on the former appeal because the trial court dismissed the action after permitting a sufficient number of affiants to withdraw their names from the supporting affidavit, leaving the number thereon less than ten, ten being jurisdictional in an election contest case. On a remand of the case the trial court, after hearing the evidence, found the issues in favor of appellees, holding that appellant had failed to prove his cause of action, and dismissed the complaint and the amendments thereto. This order was made and entered on the 18th day of November, 1936, and appellant was given until December 14, 1936, to file his motion for a new trial.   The motion was filed in apt time and overruled on the next day, December 15, and appellant was given one hundred days in which to prepare and file his bill of exceptions.   Appellant did not file his bill of exceptions within one hundred days as given in said order, which expired on March 24, 1937, but on March 28, 1937, at a subsequent term, on the application of appellant, the court attempted to extend the time in which appellant could file his bill of exceptions to April 13, 1937, and made an order to this effect.   The bill of exceptions was filed on April 9, 1937.

The terms of the Saline circuit court, as fixed by § 2207, Crawford & Moses' Digest, are the first Mondays in March and September in each year. Therefore, the September term of said court expired not later than the first Monday in March, 1937, and at the time the court made the order enlarging the time of filing the bill of exceptions, to-wit: March 28, 1937, the September term of court had lapsed and the court had no power at a subsequent term to enlarge the time. There are many cases so holding. In *Davies* v. *Nichols*, 52 Ark. 554, 13 S. W. 129, this court said: "There is no bill of exceptions in the record. The paper purporting to be a bill of exceptions was not signed by the judge and filed within the time first given by the court. The order fixing the time within which the bill of exceptions might be signed by the judge and filed became final, and passed beyond the control of the court, when the term at which it was made expired, and the court had no authority to shorten or extend the time at a subsequent term." Citing cases. See, also, *Engles* v. *Okla. Oil & Gas Co.*, 163 Ark. 270, 259 S. W. 749.

The bill of exceptions not having been filed in time, the paper purporting to be such cannot be considered on appeal, and this court will presume that the issues were correctly determined in the trial court. *Petroleum Producers Association* v. *First National Bank*, 165 Ark. 267, 263 S. W. 965; *L. D. Powell Co.* v. *Stockard*, 170 Ark. 424, 279 S. W. 1001.

There being no bill of exceptions and no error apparent on the face of the record, the judgment must be affirmed. It is so ordered.