ADAMS v. STATE.

4242 160 S. W. 2d 42

Opinion delivered March 23, 1942.

1058

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, C. J. Appellant was charged with murder in the first degree for killing Arthur Bowie while attempting to rob him, a pistol having been used as the instrument of death. The defendant entered a plea of guilty to homicide. A jury found that the act constituted murder in the first degree, and that punishment should be death. Pope's Digest, § 4041; *Wells* v. *State,* 193 Ark. 1092, 104 S. W. 2d 451.

The motion for a new trial challenges sufficiency of the evidence. Other errors alleged are: (a) The prosecuting attorney, having asked a witness "what, if anything, Ben Adams said when he came out of the whiskey store at Augusta after the shooting," received the response that Bowie "got what was coming to him." This statement was accompanied by profanity and the use of vile language regarding the decedent. The prosecuting attorney commented, "So he said . . ," and quoted what the witness had said. The defendant objected, but the words were again repeated. (b) It was improper to permit the sheriff to testify regarding powder burns on the decedent's shirt, the apparel being the best evidence. (c) Defendant's attorney requested the accused to "detail his trip around the country," and to explain what he had been doing. When "twenty minutes or so" had been consumed by this narration, the court "cut defendant off abruptly in a . . . prejudicial manner." (d) The judgment should be set aside because the defendant, "without fault on his part lost his right of appeal."

Only the record is before us, no bill of exceptions having been filed. The assignments, standing alone, do not constitute reversible errors. Discretion was inherent in the court (a) to permit the prosecuting attorney to

clearly and emphatically bring to the jury's attention what the defendant said after he shot Bowie. Whether the decedent's shirt (b) was in the court room where the jury could inspect it is not disclosed. The manner in which this exception is expressed indicates that the sheriff testified there *were* powder burns. While it is true that for the purpose of proving existence of such burns, the shirt was the best evidence, it may not have been available, or it may have been washed prior to trial. There are circumstances in which the testimony would have been admissible, and in the absence of a bill of exceptions it must be assumed the court did not permit violation of a rule of evidence. Nor can it be said (c) that the court was in error in curtailing the defendant's narration of his trips from place to place. There could have been an appropriate finding that these migrations had no bearing upon the transaction in issue; hence, the presumption must attach that there was not an abuse of discretion.

The right of appeal (d) was not lost. There was failure to file a bill of exceptions within the sixty days allowed by the trial court; but, as a matter of law, felony appeals must be lodged here within sixty days *from date of judgment,* unless additional time is given by a justice of the supreme court. Pope's Digest, § 4247. *Time for filing the bill of exceptions cannot be extended by this court. Furst & Thomas* v. *Varner,* 168 Ark. 1127, 272 S. W. 643; *Walton* v. *Rucker,* 194 Ark. 601, 108 S. W. 2d 1084.

Under Act 329, approved May 31, 1909, (Pope's Digest, § 4257) it is not necessary in capital cases that exceptions be saved to rulings, or that motion for new trial be filed. But testimony admitted without objection will not be reviewed on appeal. *McElvain* v. *State,* 101 Ark. 443, 142 S. W. 840; *Alexander* v. *State,* 103 Ark. 505, 147 S. W. 477; *Garner* v. *State,* 96 Ark. 145, 131 S. W. 338; *Caughron* v. *State,* 99 Ark. 462, 139 S. W. 315.[1] It is, however, essential that a bill of exceptions be included in the transcript if specific objections complained of are to be reviewed, unless the error relied upon is shown by the record and is independent of the testimony. It is also

[1] See *Walker* v. *State,* 137 Ark. 402, 209 S. W. 86, 3 A. L. R. 968.

necessary that at trial an objection to inadmissible evidence or prejudicial conduct be interposed.

Affirmed.