WHITE v. AVERY.

5-1173                                    295 S. W. 2d 365

Opinion delivered November 12, 1956.

*S. E. Gilliam* and *Melvin E. Mayfield,* for appellant.

*G. E. Snuggs,* for appellee.

MINOR W. MILLWEE, Associate Justice. In advance of a submission of this case for a decision on its merits, appellees have filed a motion for a rule on the clerk to require him to docket and file their cross-appeal.

Section 2 of Act 555 of 1953 (Ark. Stats., Sec. 27-2106.1) provides that any party to an action may appeal by filing a notice of appeal within thirty days from the entry of the judgment or decree. In *General Box Co.*

v. *Scurlock, Comm. of Rev.*, 223 Ark. 967, 271 S. W. 2d 40, we held that the filing of a notice of appeal within the thirty days is a jurisdictional prerequisite to the perfection of a cross-appeal.

The question here is: If the last day of the thirty-day period for filing the notice of appeal falls on Sunday, may a party file the notice on the following Monday?

In *McNutt* v. *State*, 163 Ark. 122, 258 S. W. 1, this court had under consideration Ark. Stats., Sec. 43-2732, which provides that the transcript on appeal in misdemeanor cases may be lodged in this court within sixty days after the judgment. The court held that, in order to facilitate and not impede the constitutional right of appeal, a liberal rather than a rigorous rule should be applied by allowing the transcript to be filed on the following Monday when the last of the sixty days falls on Sunday. Speaking for the majority, Judge Hart said: "The Legislature will be presumed to have considered that Sunday is *dies non* in regard to judicial proceedings, and, in fixing a short time for appealing, to have considered that, in the computation of the time when the last day for filing the transcript falls on Sunday, it may be done on the next day. Some courts have expressly held that whenever, by rule of the court or an act of the Legislature, a given number of days is allowed to do an act, or it is said that an act may be done within a given number of days, the day in which the rule is taken or the decision is made is excluded, and if one or more Sundays occur within the time, they are counted, unless the last day falls on Sunday, in which case the act may be done on the next day. (Citing cases)."

A different conclusion was reached in *Clark* v. *American Exchange Trust Co.*, 189 Ark. 717, 74 S. W. 2d 974, where the statute in question provided a period of six months for lodging appeals in this court. In dismissing the appeal as filed too late where it was lodged on Monday following the last day of the six-months period, which fell on Sunday, the majority said: "The view here expressed does not conflict with the opinion of this

court in *McNutt* v. *State,* 163 Ark. 122, 258 S. W. 1. In the case last cited we were dealing with a statute which required an act to be done within a certain number of days, whereas the statute here under consideration requires the act to be done within a certain number of months, and this marks the difference in construction and interpretation as determined by practically all, if not all, the courts.''

We are convinced of the soundness and justice of the rule announced in *McNutt* v. *State, supra,* as applied to the facts in the instant case. To require the notice of appeal to be filed on Saturday preceding the last day of the thirty-day period when that day falls on Sunday would be tantamount to requiring the notice to be filed within 29 days instead of thirty days as specified in the statute. Hence we conclude that the legislative intent was to exclude Sunday when the last day of the period fell on that day and to allow the notice to be filed the following Monday.

The clerk is, therefore, directed to file and docket appellees' cross-appeal. Appellants' motion to dismiss the cross-appeal on another ground is passed until the case is heard on its merits.