HODGES *v.* STATE.

5029
349 S. W. 2d 803
Opinion delivered October 9, 1961.

*Edward V. Trimble* and *L. H. Mahon,* for appellant.

*J. Frank Holt,* Attorney General, by *Jack Holt, Jr.,* Asst. Attorney General, for appellee.

CARLETON HARRIS, Chief Justice. Appellants, Dorothy Hodges, Ollie Mae Martin, and Sylvester Hall were individually charged with two counts of grand larceny and one count of petit larceny in the White County Circuit Court. On April 11, 1961, they were tried by a jury, found guilty, and sentenced to two years in prison on count one, two years on count two, and a fine of $100 was imposed on count three, with a recommendation of suspension of the fine. The court entered its judgment and sentence on the same day. On April 18th, counsel for Ollie Mae Martin filed a motion for new trial, and counsel for Sylvester Hall and Dorothy Hodges likewise

filed such a motion. The court denied the motions, and granted an appeal to this Court. From affidavits in the transcript, hereinafter discussed, it appears that the court permitted each defendant to make bond in the amount of $2,000, pending the appeal. No further action was taken by counsel for appellants, and on July 25, the defendants were notified by the Department, Arkansas State Police, that they were to be taken into custody on July 26th, and transported to the Arkansas State Penitentiary. On July 26th, a partial record was filed in this Court, consisting of a certified copy of the judgment and sentence, together with affidavits from each of the three appellants. On July 28th, a motion was filed here seeking a rule on the Clerk, the latter having refused to docket the cases because same had not been filed within sixty days from the entry of judgment. On July 31st, a certified copy of the motion for new trial was filed in this Court. The affidavit of Sylvester Hall sets forth that he employed an attorney of Pulaski County to perfect the appeal, and paid to such attorney the sum of $100 on or about April 18th; that he was told the appeal would be perfected, and relied upon that information until notified that he was to be taken to the penitentiary. Affiant, Dorothy Ruth Hodges, stated that she likewise employed the same attorney for the same purpose, and paid to him the sum of $250 as part payment on or about April 13th; that the attorney informed her he would perfect the appeal. Ollie Mae Martin stated that she employed an attorney of White County, Arkansas, to handle her appeal, and paid him the sum of $130 as part payment; that she had already paid him in full for the trial that had been held; that she did not know her appeal had not been perfected until she received the notice from the State Police, at which time she surrendered herself, and was placed in the White County jail.

On August 1st, while this Court was in vacation, a single Justice of the Court conducted a hearing, treating the motion for rule on the clerk as a petition for temporary writ of habeas corpus, and making such endorsement upon the record. Upon consideration, the motion

was denied without prejudice to pursue the rule on the clerk. Only one question presently is before us on this appeal, *viz.,* ''Does the Court have jurisdiction to act in this case, in which an appeal was not docketed within sixty days from the date of judgment?''

Appellants rely upon the provisions of Section 43-2710, paragraph 3, Ark. Stats. (1947) Anno., and our holding in *Adams* v. *State,* 203 Ark. 1057, 160 S. W. 2d 42. The paragraph referred to reads as follows:

''Third. The appeal is taken by lodging in the clerk's office of the Supreme Court, within sixty (60) days after the judgment, a certified transcript of the record, with the certificate of the allowance of the appeal indorsed on the transcript under the signature of one of the judges of the Supreme Court. The clerk of the Supreme Court shall thereupon issue a certificate that an appeal has been taken, which shall suspend the execution of the judgment; provided, however, that a judge of the Supreme Court may extend the time for filing the record. The court may act upon and decide a case in which the appeal was not prayed or the record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit.''

However, as reflected by the very first sentence of Section 43-2710, the procedure under the entire section, paragraphs 1, 2, and the quoted paragraph, 3, [the last sentence of which appellants here rely upon] applies only in cases where the defendant was convicted of a capital offense, and no record has been filed within 60 days. Aside from the foregoing, which actually disposes of the motion under consideration, relief still could not be granted. This appeal is governed by Section 43-2701, which provides:

''No appeals to the Supreme Court in a criminal case shall be granted, nor writs of error issued, except within sixty (60) days after rendition of the judgment of conviction in the case.''

While some of the language from the *Adams* opinion seems to conflict with an earlier case, *Bromley* v. *State*,[1] 97 Ark. 116, 133 S. W. 813, the cases are distinguished in *Allison* v. *State*, 204 Ark. 609, 164 S. W. 2d 442, wherein we said:

"Perhaps the only ground upon which the Bromley case and the Adams case can be harmonized is that which distinguishes the court's right to grant additional time when the motion for relief (accompanied by the judgment and such other parts of the record as appellant may care to present) is filed within sixty days, as contrasted with a similar request made after the sixty-day period has expired."

In the instant case, no motion for relief, or partial record of any kind, was filed with the clerk of this Court until the 106th day following the rendition of the judgment. That being true, we hold, under Section 43-2701, that this Court is without jurisdiction, and thus cannot grant any relief.

The motion for rule on the clerk is accordingly denied.

---

[1] In the *Bromley* case, we held flatly that the court had no power to assume jurisdiction of a case even in the event of hindrance of unavoidable casualty unless the appeal was perfected within sixty days. In the *Adams* case, the court said that appeals must be lodged here within sixty days from date of judgment "unless additional time is given by a justice of the Supreme Court." However, in the latter case, evidently some portion of the record was filed before the expiration of the sixtieth day.