VERMEER MANUFACTURING COMPANY
*v.* Bobby STEEL, Circuit Judge

77-359                                              564 S.W. 2d 518

Opinion delivered April 24, 1978
(In Banc)

*Shaw & Ledbetter,* for petitioner.

*Hardegree & Maddox,* for respondent.

DARRELL HICKMAN, Justice. The appellant, Vermeer Manufacturing Company, seeks a writ of prohibition to prevent the circuit judge of Polk County from proceeding further in a wrongful death case.

The facts are undisputed and the two issues on appeal are purely questions of law: is a writ of prohibition a proper remedy in this case; is the three-year statute of limitations for a wrongful death action extended one day if the last day for commencing such an action falls on Sunday. A writ of prohibition is the proper remedy in this case; however, we decline to grant it and hold the trial judge correctly ruled that the three-year statute was extended one day.

It was proper for the appellant to seek prohibition in this case because the three-year statute of limitations for wrongful death is jurisdictional. If this case was not commenced within the time permitted by the statute, then there would be no jurisdiction. See *Wheeler* v. *Southwestern Greyhound Lines, Inc.,* 207 Ark. 601, 182 S.W. 2d 214 (1944).

An action for wrongful death must be commenced within three years. Ark. Stat. Ann. § 27-907 (Repl. 1962). The death occurred on July 24, 1974. The complaint was filed on Friday, July 22, 1977. The last day of the three years was Sunday, July 24. The summons was placed in the hands of the Pulaski County Sheriff on Monday, July 25, 1977. Before an action is commenced the complaint must be filed *and* the summons must be delivered to the sheriff. Therefore, this action was commenced one day beyond the three years unless we apply the Sunday rule. See Ark. Stat. Ann. § 27-301 (Repl. 1962).

We have held that when an act is required to be done within a certain number of days, then if the last day falls on Sunday, the time is extended until Monday. *White* v. *Avery,*

226 Ark. 951, 295 S.W. 2d 364 (1956); *McNutt* v. *State,* 163 Ark. 122, 259 S.W. 1 (1924). However, we have held that when a statute requires an act to be done within a certain number of months or years then the time is not extended if the last day falls on Sunday. *Cf., Clark* v. *American Exchange Trust Co.,* 189 Ark. 717, 74 S.W. 2d 974 (1934).

After reviewing our decisions we have decided that it would be best to adopt a uniform rule for all such cases. Therefore, in every instance where an act must be done within a certain number of days, months or years, if the last day falls on Sunday the time for commencement is extended to the following Monday.

This new rule is to be applied in this case and hereafter in all such cases. Consequently, we overrule our decisions in *White* v. *Avery, supra, McNutt* v. *State, supra,* and *Clark* v. *American Exchange Trust Co., supra,* insofar as they apply to the subject of this case.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent. This is not a case in which a statute of limitations, as such, is involved. Neither is it an "instance where an act must be done within a certain number of days, months or years," whatever that means. The wrongful death act creates a cause of action and the limitation is on the right, not the remedy.

I would grant the writ.