PHILYAW *v.* STATE.

4798                                277 S. W. 2d 484

Opinion delivered March 28, 1955.

[Rehearing denied April 18, 1955.]

*Abe L. Roberts* and *Marvin Brook Norfleet,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Asst. Atty. General, for appellee.

ED. F. McFADDIN, Justice. Appellant, J. W. Philyaw, was convicted of the crime of assault with intent to kill (§ 41-606, Ark. Stats.); sentenced in accordance with the Statute; and brings this appeal. We have before us now only the record without any of the evidence, because the tendered bill of exceptions has heretofore been refused, as will be hereinafter discussed. On the record now before us there are no errors: so the judgment of the Circuit Court is affirmed. See *McAllister* v. State, 211 Ark. 140, 199 S. W. 2d 751.

This opinion might well end at this point, except that on January 10, 1955, when we finally refused the filing of the tendered bill of exceptions, we said: "Formal

opinion to follow.'' Therefore, we use this present occasion to issue the formal opinion mentioned in the said order.

Certain background facts, taken from the record before us, are now stated:

a). Information was filed in the Circuit Court on September 13, 1954, duly accusing J. W. Philyaw of the crime of assault with intent to kill, committed on June 8, 1954. (Tr. 1.)

b). Philyaw was tried and found guilty by the Jury on September 29, 1954. (Tr. 5.)

c). On September 30, 1954, Philyaw's first motion for new trial was filed by his then attorneys, Goldstein & Smith. (Tr. 6.)

d). The said motion for new trial was overruled on September 30, 1954, and on the same day appeal to the Supreme Court was granted and 55 days given for filing the bill of exceptions. (Tr. 7-8.)

e). On October 30, 1954, a second motion for new trial, coupled with request for suspended sentence, was filed in the Circuit Court. The motion alleged newly discovered evidence from the witnesses, James Collins and F. A. Staten. This pleading was filed by two law firms, Goldstein & Smith and also Rubens & Black. (Tr. 10.)

f). This second motion for new trial was overruled on October 30, 1954, and the request for suspended sentence was also denied by the same order. (Tr. 12.)

g). Then on November 12, 1954, a third motion for new trial was filed, signed by attorneys Abe L. Roberts and Marvin Brooks Norfleet, being counsel entirely different from those previously appearing for Philyaw. This motion for new trial contains four numbered assignments, being:

"1. The verdict and judgment are both contrary to law.

"2. The verdict and judgment are both contrary to the evidence.

"3. The verdict and judgment are both contrary to the law and to the evidence.

"4. The defendant has discovered important evidence in his favor since the verdict. And, in this particular, defendant attaches hereto as a part hereof, to be read in connection herewith, his own personal affidavit dated November 8, 1954, and the affidavit of James Collins, dated Oct. 25th, 1954, both self-explanatory, which defendant asks to be considered in connection herewith. . . ."

Following the fourth assignment there is a discussion; and the affidavits of Philyaw, James Collins and F. A. Staten are attached to the motion.[1]   (Tr. 13-19.)

h). On November 15, 1954, this third motion for new trial was overruled, and the record recites:

". . . to which ruling of the Court the said defendant then and there excepted, asked that his exceptions be noted of record, which is hereby done, and he prayed an appeal to the Supreme Court of the State of Arkansas, which is hereby granted. And said defendant shall prepare, present and file a bill of exceptions herein within 60 days from the date of this order."

i). On November 24, 1954, appellant, by his present counsel, filed in the Supreme Court the record containing

---

[1] The main point raised in the motion was that of *newly discovered evidence;* but in the second motion for new trial—mentioned in e) above—the witnesses, James Collins and F. A. Staten, had been mentioned as newly discovered. Our cases all hold that a showing of due diligence is one of the essentials for obtaining a new trial on the ground of newly discovered evidence. *White* v. *State,* 17 Ark. 404; *Ward* v. *State,* 85 Ark. 179, 107 S. W. 677; *Ary* v. *State,* 104 Ark. 212, 148 S. W. 1032; *Pate* v. *State,* 206 Ark. 693, 177 S. W. 2d 933; and the many other cases collected in West's Ark. Digest, "Criminal Law," § 939. The tendered affidavits of James Collins and F. A. Staten show that they were directed entirely toward impeaching the testimony of witnesses for the prosecution; and impeaching testimony is not of itself sufficient grounds for granting a new trial on the basis of newly discovered evidence. *Foster* v. *State,* 45 Ark. 328; *Edgeman* v. *State,* 183 Ark. 17, 34 S. W. 2d 753; *Therman* v. *State,* 205 Ark. 376, 168 S. W. 2d 833; and the many other cases collected in West's Ark. Digest, "Criminal Law," § 942.

the matters above referred to, but with no bill of exceptions; and at the same time he filed his petition that this Court extend the time for the filing of the bill of exceptions in both the Trial Court and this Court. The time fixed in the order of September 30, 1954, was 55 days. We were asked to extend that time. Attached to the said motion were letters of the Court Reporters to appellant's present counsel. One letter was dated November 14, 1954, and the Reporter—apparently in reference to the evidence heard at the original trial in September, 1954—said he would want ". . . not less than 40 days to furnish (bill of exceptions) . . . after order for same . . . is received by me." The other letter—apparently regarding the evidence heard on November 15, 1954—said that the Reporter would want ". . . not less than 30 days . . . after order for same . . . is received by me." These letters clearly reflect that, as of their respective dates, no bill of exceptions had been ordered covering either the original trial or the third motion for new trial.

With the record in the condition as detailed—and we have abstracted all of the record—we entered an order on November 29, 1954, denying the petition for extension of time to file the bill of exceptions. This order was and is in accordance with our previous holdings. In *Adams* v. *State,* 203 Ark. 1057, 160 S. W. 2d 42, we said:

"There was failure to file a bill of exceptions within the sixty days allowed by the trial court; but, as a matter of law, felony appeals must be lodged here within sixty days *from date of judgment,* unless additional time is given by a justice of the supreme court. Pope's Digest, § 4247. *Time for filing the bill of exceptions cannot be extended by this court. Furst & Thomas* v. *Varner,* 168 Ark. 1127, 272 S. W. 643; *Walton* v. *Rucker,* 194 Ark. 601, 108 S. W. 2d 1084.

In *Allison* v. *State,* 204 Ark. 609, 164 S. W. 2d 442, we said:

"It must be remembered, however, that no power reposes in this court to increase the time allotted for

filing a bill of exceptions with the circuit court, and unless it is so filed within sixty days—that is, not later than the sixtieth day—only the record can be considered on appeal.''

Neither Act 10 of 1943 nor Act 90 of 1949 changed the law stated in the foregoing cases. By Act 148 of 1953, the Legislature provided:

''Where the Supreme Court has acquired jurisdiction of a cause, but it is made to appear that the record is incomplete for want of documents, exhibits, or a bill of exceptions, and the trial court has lost such jurisdiction, the Supreme Court or a judge thereof shall have power to direct a writ to any clerk, reporter, or other person charged with the duty of preparing the matter in question, and may require compliance with its discretionary orders.''

This Act says that the Supreme Court has the discretionary power to ''direct a writ.'' We have not construed this Act.[2] But even if we have the power—inherent or otherwise—to extend the time for filing the bill of exceptions past the time for appeal, nevertheless the exercise of such power is coupled with discretion; and we reserve the exercise of such power for a case wherein at least due diligence has been shown. In the case at bar, no such diligence appears. When the appellant was sentenced on September 30th, he gave bond for appeal, and the Court gave 55 days for the filing of the bill of exceptions in the Circuit Court. The appellant knew on September 30th that the time for filing the bill of exceptions would expire in 55 days. The letters tendered by appellant—as referred to in Item i) above—show that as late as November 14, 1954, no bill of exceptions had been ordered, involving even the proceedings in the original trial.[3] Meanwhile, the appellant had been on bond and had been represented by a number of attorneys. It is

---

[2] It is well to note that Act 555 of 1953 does not apply to appeals in criminal cases.

[3] The letters of the Court Reporters show that the bill of exceptions could have been prepared within the time allowed if due order had been made.

clear that the appellant has failed to exercise any diligence.

In saying there was no diligence, such is not to be taken as derogatory of any present or former counsel. We refer to the appellant, and not to any of his lawyers. When an appellant delays from the 30th of September to the 14th of November before even ordering the bill of exceptions, and offers no reasonable excuse for such delay, we see no reason for affording him our extraordinary power of further extension of time. So, on November 29, 1954, we refused to extend time. On January 10, 1955, we denied the rehearing of our former order and refused to receive the bill of exceptions; and in that memorandum opinion, we noted: "Formal opinion to follow."

This is the formal opinion so mentioned; and is also an affirmance of the conviction, since no error appears on the face of the record.