STEVENSON *v.* STATE.

5075                                        370 S. W. 2d 445

Opinion delivered September 9, 1963.

[Rehearing denied October 7, 1963.]

*Virgil R. Moncrief* and *John W. Moncrief,* for appellant.

*Bruce Bennett,* Atty. General, By *Leslie Evitts,* Chief Asst. Atty. Gen., for appellee.

SAM ROBINSON, Associate Justice. Appellant, B. C. Stevenson, Jr., was charged in the Monroe Circuit Court with murder in the first degree in the killing of Curtis Diamond. Defendant was convicted of murder in the second degree and sentenced to 21 years in the penitentiary. He has appealed.

There is no question about the killing, and there is no doubt about the evidence being sufficient to sustain the verdict. The appellant relied on the theory of self defense as justification for the killing, but by its verdict the jury found that he was not acting in self defense at the time of the killing.

Kissiee Diamond, widow of the deceased, is the sister of appellant, Stevenson. By a former marriage she has a son, Marshall Johnson, age about 14. Curtis Diamond was, therefore, Marshall Johnson's stepfather. Diamond, contending that his stepson had wrongfully gone into a neighbor's watermelon patch, gave the boy a severe whipping with a belt, breaking the skin and causing bleeding in more than one place on the boy's body.

Sometime after the whipping, appellant, Stevenson, age about 24, heard about it. Later, a day or so after the whipping took place, appellant, along with his nephew, Marshall Johnson, and some others, went on a fish fry at an isolated lake. Appellant, Stevenson, carried a pistol, a .38 special. When he returned home about 3:30 in the afternoon, his brother-in-law, Diamond, was sitting on the front porch. Appellant pulled his pistol

and shot him down, hitting Diamond once in the chest, and twice in the back, killing him then and there.

On appeal appellant contends first that the court erred in not allowing the introduction in evidence of pictures of Marshall Johnson's body, taken a year after the whipping, showing scars alleged to have been caused by the punishment. The pictures were taken about six months before the trial. Johnson was a witness for the State, and exhibited his body to the jury. There is no showing that the scars in question were not visible at the time of the trial. The fact that his body was exhibited to the jury would indicate that the scars were visible; otherwise there would have been no point in letting the jury view his body. Whether the introduction in evidence of pictures of a given situation is allowed is largely in the discretion of the trial court. *Higdon* v. *State,* 213 Ark. 881, 213 S. W. 2d 621; *McGeorge Contracting Co.* v. *Mizell,* 216 Ark. 509; 226 S. W. 2d 556. Here, we do not find that there was an abuse of discretion by the trial court in not permitting in evidence pictures taken a year after the whipping was administered.

In his argument to the jury, the Prosecuting Attorney said: "B. C. Stevenson, Jr. and Will Stewart, Jr. were the only ones who actually witnessed this killing, besides the deceased, Curtis Diamond, and he is not here to testify." Appellant argues that the court erred in permitting the Prosecuting Attorney to call the jury's attention to the fact that the deceased could not be there to testify. We fail to see how the argument was in any way erroneous. Prosecuting Attorneys make this same argument in almost every case where only the defendant and the victim were witnesses. The statement that the deceased was not present to testify is merely calling the jury's attention to an obvious and uncontrovertible fact.

After deceased was shot, he ran into the house and fell dead in the kitchen floor. When officers arrived they found a knife near the body and another knife in the pocket of the deceased. The Sheriff had possession of the knives and also the pistol used by the defendant in the slaying. When he was testifying, he placed these

articles, which were in a bag, on the counsel table. In his motion for new trial the defendant alleged newly discovered evidence stating that he and his counsel first learned about the knives subsequent to the trial.

No diligence is alleged or shown; there is no indication whatever that the officers who found the knives attempted to keep that fact a secret, and there is no indication that they would not have freely discussed the facts with anyone. Moreover, the circumstances of the killing were such that evidence of the knives would not likely change the result in a new trial. It will be recalled that the deceased was shot once in the chest and twice in the back while he was on the front porch.

The court said in *St. Louis Southwestern Ry. Co.* v. *Goodwin,* 73 Ark. 528, 84 S. W. 728: "Motions for new trial on the ground of newly discovered evidence are addressed to the sound legal discretion of the trial court. They should show that reasonable diligence was used to discover the evidence. In this case affidavits were filed with the motion to the effect that appellant had used due diligence and done all in its power to discover the evidence, but do not state the acts done which affiants denominate reasonable diligence, . . ."

The court said in *Runnels* v. *State,* 28 Ark. 121; "Applications for new trials on the ground of newly discovered evidence are to be received with caution, and this in proportion to the magnitude of the offense. The application should be corroborated by the affidavits of other persons than the accused, and if possible, those of the newly discovered witnesses themselves, and it is not sufficient for the applicant to state that he did not know of the existence of the testimony in time to have brought it forward on the trial, but it must appear that he could not have ascertained it by reasonable diligence." See also *Campbell* v. *State,* 38 Ark. 498; *Robinson* v. *State,* 33 Ark. 180.

Finding no error, the judgment is affirmed.