Berl HARVEY *v.* STATE of Arkansas

CR 76-192                                        545 S.W. 2d 913

Opinion delivered February 7, 1977
(In Banc)

48

*Esther M. White,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Berl Harvey was

found guilty of possession of stolen property and sentenced to eleven years in the State penitentiary. He subsequently filed a motion for a new trial which was overruled.

On appeal appellant first urges that it was error for the trial court to overrule his pre-trial motion to suppress evidence obtained through a search of his home without a warrant. The trial court held appellant had voluntarily consented to the search.

The constitutional propriety of a search of one's premises effectuated through consent alone, in the absence of any warrant, must be demonstrated from the total circumstances surrounding the giving of that consent. *Schneckloth* v. *Bustamonte,* 412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973). The burden is on the State to prove that consent was unequivocally and specifically given, and the State must make its showing of the sufficiency of the evidence supporting the consent to search by clear and positive proof. *Hock* v. *State,* 259 Ark. 67, 531 S.W. 2d 701 (1976).

In the instant case the sheriff testified he was accompanied by a police officer and two investigators, and they made a search of appellant's premises. The uncontradicted evidence shows that the sheriff first made the identities of the parties known and then informed appellant they had come to pick up a chain saw which was allegedly part of the stolen property. Appellant, after first being advised that he did not have to consent to the search of the premises, signed a typed "Consent to Search" form. The form had been read to appellant by the sheriff and both appellant and his wife examined the form before it was signed. There was no evidence of duress, force or coercion on the part of the officers. Appellant voluntarily took the sheriff over the premises. Appellant then told the sheriff that most of the goods were in the trailer, and appellant unlocked the trailer with his key.

When these factors are viewed in their entirety we find the evidence is more than sufficient to support the trial court's conclusion that the State sustained its burden of proving the voluntary nature of appellant's consent by clear and positive evidence.

The second contention by appellant is that certain testimony by one of his witnesses was erroneously stricken from the record. The evidence excluded consisted of the testimony of Homer Bynum, a resident of Siloam Springs and long-time friend and business acquaintance of appellant, that appellant's reputation for truth and veracity in the community was good. However, on cross-examination he stated he was speaking from his own personal feelings, that he had not talked to any of appellant's neighbors in Fayetteville, and that he did not have "the foggiest idea" of what went on there in connection with appellant.

In *Henson* v. *State,* 239 Ark. 727, 393 S.W. 2d 856 (1965), quoting 20 Am. Jur. 2d *Evidence* § 326,[1] we noted that character evidence "must relate and be confined to the general reputation which such person sustains in the community or neighborhood in which he lives or has lived." The evidence developed at trial clearly established the character witness did not know appellant's business or personal reputation in Fayetteville, the community in which appellant lived. Furthermore, it was not shown that appellant had established any reputation, business or otherwise, in Siloam Springs, the community in which the witness lived.

Although under certain circumstances the rule regarding reputation in the community may permissibly embrace a larger geographic area than the domicile of the accused, there was no such showing made here. Trial courts are vested with broad discretionary powers in determining whether a witness is competent to testify, and their decisions on the matter are not ordinarily reviewable on appeal unless so clearly in error as to constitute an abuse of that discretion. *Williams* v. *State,* 257 Ark. 8, 513 S.W. 2d 793 (1974), and *Gordon* v. *State,* 259 Ark. 134, 529 S.W. 2d 330 (1976). We find no abuse of discretion here.

Finally, appellant contends the trial court erred in overruling his motion for a new trial. The rule for segregating witnesses had been invoked pursuant to Ark. Stat. Ann. § 43-2021 (Repl. 1964). Appellant alleged the "spirit of the rule" had been violated by one of the witnesses who had been seen

---

[1]See 29 Am. Jur. 2d *Evidence* § 347 (1967).

talking to a spectator at recess during the trial. At the hearing on the motion the most that was established was that the two were seen talking together. No clear or substantial evidence was presented as to the subject of their conversation.

We have always recognized the court's wide latitude of discretion in granting or denying a motion for a new trial and hold that a judge's action will not be reversed in the absence of an abuse of that discretion or manifest prejudice to the complaining party. *Black* v. *State*, 215 Ark. 618, 222 S.W. 2d 816 (1949); and *Gross* v. *State*, 242 Ark. 142, 412 S.W. 2d 279 (1967). Nothing appears in the record to warrant overturning the court's refusal to grant a new trial.

Finding no reversible error, the judgment is affirmed.

BYRD and HICKMAN, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. Berl Harvey of Fayetteville was convicted of possession of stolen property and received a sentence of eleven years in the penitentiary.

During the trial a prominent banker from nearby Siloam Springs, Arkansas was called as a character witness for Harvey. The banker testified that he had known Harvey for twenty-five years, known of him for thirty-nine years, and that his reputation for truth and veracity was good. The trial court excluded this testimony because the banker did not know the reputation of Harvey in the "community" of Fayetteville. Counsel for Harvey objected to the ruling of the court with the argument that interpreting "community" as the geographical limits of Fayetteville was too strict; that an individual who is associated with the defendant should be allowed to testify as to a person's reputation — although they do not know that reputation in the neighborhood or place where the defendant lives.

The lower court and the majority of this court have applied a rule of evidence, which has been used by the courts in Arkansas since the case of *Kee* vs. *State*, 28 Ark. 155 (1873). That rule is that a witness can testify about the good reputation of a defendant, for telling the truth, in the neighborhood or community where the defendant resides.

This court has followed that rule consistently, without deviation or expansion since the *Kee* case.

In other words, a person can have only one reputation and that reputation must be in the neighborhood or community where the person lives. It cannot be a reputation that has been established among associates, friends or fellow workers at a distant place.

This rule has been criticized in legal circles because the reasons for the rule no longer exist. That is, "neighborhood" or "community" is too restrictive in terms of life today. People live in one place and work in another. In Wigmore On Evidence, Vol. V, § 1616, 591, 592, the author explains why such a strict rule should not be followed today.

> There may be distinct circles of persons, each circle having no relation to the other, and yet each having a reputation based on constant and intimate personal observation of the man.

> There is every reason why the law should recognize this. Time has produced new conditions for reputations. The traditional requirement about "neighborhood" reputation was appropriate to the conditions of the time; but it should not be taken as imposing arbitrary limitations not appropriate in other times. . . . What the law, then as now, desired was a trustworthy reputation; if that is to be found among a circle of persons other than the circle of dwellers about a sleeping-place, it should be received.

> The modern judicial rulings on this class of questions show frequently a perverse defiance of common sense. "The rules of evidence", said Lord Ellenborough, "must expand according to the exigencies of society".

To the same effect, see Jones On Evidence, Vol. I, § 4:46.

July 1, 1976, the Arkansas Uniform Rules of Evidence became effective, and Rule 803 (21) permits evidence of reputation of an individual "among his *associates*". [emphasis added]

Berl Harvey was tried before the effective date of these rules and it is perhaps ironic that the old rule, followed by this court for many years, may be abandoned hereafter.

The lower court and the majority of this court have properly applied the rule as it has existed in the past. But the justification for such a narrow rule has long ceased to exist. The only real argument in defense of that rule, in this day and time, is that it has simply been the rule.

The character witness for the appellant should have been permitted to testify because he was in a position to know Berl Harvey's reputation, and to deny that testimony in a critical case, where the credibility of the appellant is involved, is to deny a fair trial.

Therefore, I would reverse this case and remand it for a new trial.

BYRD, J., joins in this dissent.