Ula T. NEWBERRY v. STATE of Arkansas

CR 77-161                                    557 S.W. 2d 864

Opinion delivered October 24, 1977
(Division II)
[Supplemental Opinion on Denial of Rehearing December 12, 1977.]

*Adams, Covington & Younes,* by: *J. Scott Covington,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. This appeal was taken from the order of the circuit court denying appellant's motion for new trial. We find no abuse of discretion and affirm the trial court's order.

The motion for new trial was based upon the sole ground that the prosecuting attorney failed to disclose information in his "possession" which would have greatly assisted the defendant in preparing a defense. No specific allegations of fact were contained in the motion, but an affidavit atached to the motion was made a part of the motion. The gist of the affidavit by Gary Fultz was that he was an eyewitness to events leading up to an altercation outside Dale Ladd's house trailer between appellant Newberry and one Dewey Middleton out of which arose one of the charges of first degree assault and second degree battery on which appellant was found guilty, and was subpoenaed by the state as a witness, but not called to testify; that this altercation took place outside of the trailer; and that Linda Durland, a witness on behalf of the state, could not have seen what took place, because she had gone into the bathroom of the trailer with him, when appellant, after having struck Ladd with his fists, invited Ladd outside. Fultz also stated that no one inside the trailer could have observed what went on outside. Middleton had testified that he had been struck by Newberry when he was trying to take a rifle away from Newberry. Linda Durland had not testified that she had seen the alleged assault and battery on Middleton. Other witnesses on behalf of the state had said that Middleton was struck by Newberry, after the

latter had come back inside the trailer.

As to the charge of first degree assault and second degree battery on Dale Ladd, of which appellant was also found guilty, the principal conflict between the affidavit of Fultz and the testimony of the witnesses was that appellant used his fists, not the butt of his rifle, in striking Ladd inside the trailer.

Although appellant argues that Fultz would have corroborated appellant's own story that he struck Middleton in self-defense when he was trying to quiet the disturbance from a drinking party in the trailer, in our view, the affidavit of Fultz disclosed slight potential support for Newberry's version. It could only be concluded from the Fultz affidavit that those inside the trailer could not have seen any assault on Middleton. To say the least, even Fultz made appellant the aggressor as to Ladd while they were inside the trailer.

Appellant contends that the prosecuting attorney's action violated Rule 17.1 (d), Arkansas Rules of Criminal Procedure. That subdivision requires the prosecuting attorney, upon discovering material or information within his knowledge, possession or control which tends to negate a defendant's guilt or reduce his punishment to promptly disclose that information to defense counsel. This rule is an extension of the mandate of *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). See Commentary to Article V, Arkansas Rules of Criminal Procedure.

The only statutory ground on which the court could have granted a motion for new trial on the facts relied upon by appellant was the discovery of important evidence in his favor by appellant after the verdict. Ark. Stat. Ann. § 43-2203 (Repl. 1964). The rule relied upon by appellant does not expand the grounds for a new trial or change the rules governing either the trial court action or appellate review.

We have heretofore recognized the analogy between a motion for a new trial based on suppression of evidence and one based on newly discovered evidence and the applicability of rules governing the latter to both. *Murchison* v. *State,* 249

Ark. 861, 462 S.W. 2d 853. Critical to the inquiry are the diligence of the defendant in discovering the testimony and the probable effect of the testimony at the trial. *Murchison* v. *State,* supra. It is quite true that Rule 17.1 (d) had not been adopted at the time of our decision in *Murchison,* but we did consider DR 7-103b of the Code of Professional Responsibility, which had been adopted by this court and which imposes the same responsibility upon a prosecuting attorney as that imposed by the rule in very similar language. There we said that we must view all the circumstances and determine whether the violation of such a rule has, alone or in conjunction with other factors, so effectively deprived an accused of a fair trial as to violate due process of law.

Assuming that the prosecuting attorney did know that Fultz would testify exactly as he stated he would in his affidavit, the matter of granting or denying a new trial lies within the sound judicial discretion of the trial judge whose action will be reversed only upon a clear showing of abuse of that discretion or manifest prejudice to the defendant. *Harvey* v. *State,* 261 Ark. 47, 545 S.W. 2d 913. Newly discovered evidence is one of the least favored grounds for a new trial. *Gross* v. *State,* 242 Ark. 142, 412 S.W. 2d 279.

The record discloses that the list of witnesses to be subpoenaed by the state was supplied to defense counsel by the prosecuting attorney approximately one year prior to the trial. It included the name of Fultz. It is also clear that Fultz was subpoenaed and was present at the time of the trial. Under these circumstances we cannot say that the court abused its discretion in denying a new trial on the grounds alleged, particularly in view of the fact that we are unable to say that the testimony of Fultz would have had a material impact on the result of the trial. We cannot say that the action taken under these circumstances constituted any violation of the requirements of due process of law.

Appellant also belatedly complains in his reply brief that the trial court abused its discretion in denying him a hearing on his motion on his attorney's oral statement that one of the prosecuting witnesses was present and would change his testimony, without stating in what respects. No written mo-

tion was filed on this ground. Recanting testimony is treated as newly discovered evidence and its exceeding unreliability, especially where it involves a confession of perjury, has been recognized. *Clayton v. State,* 186 Ark. 713, 55 S.W. 2d 88. In this instance, there was sufficient testimony to sustain the conviction without the testimony of either Ladd or Middleton and the trial judge heard and observed all the witnesses at the trial. In such circumstances, we cannot say that there was any abuse of the trial court's discretion. See *Puterbaugh v. State,* 217 Ark. 686, 232 S.W. 2d 984; *Roath v. State,* 185 Ark. 1039, 50 S.W. 2d 985; *Brown v. State,* 143 Ark. 523, 222 S.W. 377. At any rate, on the record here, we find no abuse of discretion in this regard.

Since we find no abuse of the trial court's discretion, the judgment is affirmed.

We agree. HARRIS, C.J., and HOLT and ROY, JJ.

Supplemental Opinion on Denial of Rehearing
delivered December 12, 1977

JOHN A. FOGLEMAN, Justice. On petition for rehearing, appellant points out that he did argue in his original brief that it was a grave abuse of discretion for the trial court to refuse to allow David Dale Ladd, who was present at the hearing on the motion for new trial and allegedly wanting to recant his testimony at the trial, to testify before the motion was denied. We erroneously stated that appellant belatedly complained of this in his reply brief. We might well have disposed of this contention on the basis that assignments of error unsupported by convincing argument or authority, will not be considered unless it is apparent without further research

that they are well taken. *Dixon* v. *State,* 260 Ark. 857, 545 S.W. 2d 606; *Hazen* v. *City of Booneville,* 260 Ark. 871, 545 S.W. 2d 614; *Arnold* v. *Arnold,* 261 Ark. 734, 553 S.W. 2d 251.

We preferred, however, to pass upon the question raised. We still find no abuse of discretion where no written motion for new trial was filed on this basis and where the only suggestion that any reliance was placed on this ground in the trial court was in appellant's attorney's remark at the conclusion of his opening statement at the hearing on the motion that "Mr. Ladd, who testified in the case, I understand today, will in substance change his testimony concerning what occurred." Rule 36.22, Arkansas Rules of Criminal Procedure requires that a motion for new trial be *filed* and include a statement that the movant believes the action to be meritorious and that it is not offered for the purpose of delay. No such motion was filed. Ark. Stat. Ann. § 43-2203 (Repl. 1964) setting out the grounds for new trial remains unaffected by the Rules of Criminal Procedure. Rule 36.22 incorporates a part of Ark. Stat. Ann. § 43-2704 (Supp. 1975), but it does not eliminate the requirement of that statute that a motion for new trial must be served upon a representative of the prosecuting attorney. Obviously, the prosecuting attorney could have had no opportunity to prepare to resist a motion based upon recantation by Ladd. We still do not know in what respects appellant contends that Ladd would change his testimony.

In view of these circumstances and the view taken of recanting testimony as newly discovered evidence, it would be impossible for this court to hold that the trial court acted in abuse of its discretion.

Other grounds for rehearing are also without merit. Appellant complains that we misinterpreted *Murchison* v. *State,* 249 Ark. 861, 462 S.W. 2d 853. He overlooks, however, the fact that we cited *Murchison* for the proposition that we analogize a motion for new trial on suppression of evidence with one on newly discovered evidence and apply rules governing the latter to the former. We did say that diligence of the moving party was critical to the inquiry. We have held that due diligence is an essential. *Philyaw* v. *State,* 224 Ark. 859, 277 S.W. 2d 484, cert. den. 349 U.S. 967, 75 S. Ct. 901, 99 L.

Ed. 1288. Denial of motions for new trial have been held not to be an abuse of discretion where the movant has not used reasonable diligence to discover the evidence before trial. *Gross* v. *State,* 242 Ark. 142, 412 S.W. 2d 279; *Stevenson* v. *State,* 236 Ark. 847, 370 S.W. 2d 445. In *Pate* v. *State,* 206 Ark. 693, 177 S.W. 2d 933, a new trial was sought on the ground of newly discovered evidence on the allegation that a witness subpoenaed as a witness for the state, but not put on the witness stand, would have given material testimony in behalf of the defendant had he been called as a witness. We held that denial of a new trial was not error, because no reason was shown for the defendant's failure to discover the witness's knowledge of the altercation which was the basis of the prosecution on a charge of maiming.

The very purpose of requiring the state to disclose the names of witnesses is to permit a defendant to acquaint himself with the facts known by the witness and their probable testimony. Appellant had more than a year within which to do this. He is in no position to charge an abuse of discretion on the part of the trial court without having shown any effort on his part to discover the testimony of Fultz. See also, *Lind* v. *State,* 137 Ark. 92, 207 S.W. 47.

The petition for rehearing is denied.

BYRD and HOWARD, JJ., not participating.