Johnny Wayne KIRKENDALL *v.* STATE of Arkansas

CR 78-181                                              581 S.W. 2d 341

Opinion delivered May 29, 1979
(In Banc)

*Roy E. Danuser* and *Hardin, Jesson & Dawson*, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was charged with Manslaughter, Ark. Stat. Ann. § 41-1504 (Repl. 1977), and Failure to Stop and Render Aid, Ark. Stat. Ann. § 75-901 (Repl. 1957), as a result of the death of Gale Wayne Stahl in an automobile accident on February 25, 1978, in Marion County. The deceased was riding in an automobile with appellant when it left the highway and crashed. A jury trial in the Marion Circuit Court resulted in appellant's conviction on both charges. The jury fixed punishment on the manslaughter conviction at 5 years and 30 days for failure to stop and render aid. The court suspended two-and-a-half years of the felony conviction and further provided the misdemeanor conviction would run concurrently with the other sentence. Appellant appeals from both convictions.

Four grounds for reversal are alleged on appeal.

## I.

THE CIRCUIT COURT ERRED IN FAILING TO

GRANT APPELLANT'S MOTION FOR CHANGE OF VENUE.

Appellant bases his motion for a change of venue upon Ark. Stat. Ann. § 43-1501 (Repl. 1977) which reads as follows:

Any criminal cause pending in any circuit court may be removed by the order of such court, or by the judge thereof in vacation, to the circuit court of another county, whenever it shall appear, in the manner hereinafter provided, that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein.

The burden of proof is upon the appellant on a motion to change the venue. *Maxwell v. State*, 236 Ark. 694, 370 S.W. 2d 113 (1963). The decision of the trial court will be upheld unless it is shown there was an abuse of discretion in denying the motion. *Wood v. State*, 248 Ark. 109, 450 S.W. 2d 537 (1970).

The trial court conducted a hearing on appellant's motion for a change of venue and denied it. Two affidavits were offered in support of the motion and the affiants testified personally before the court. They testified that in their opinion appellant could not receive a fair trial in Marion County. Evidence of a pending wet-dry election was presented with the allegation that the public was aroused about the use of intoxicating beverages and since the evidence would show appellant had been drinking the wet-dry issue would prevent the appellant from receiving a fair and impartial trial. On the other hand, the state introduced six affidavits that the appellant would, in their opinion, receive a fair trial. These affiants did not appear to testify in person at the hearing. Appellant contends more weight should be given his witnesses because they appeared in person.

It was not necessary for the affiants to appear and testify at the hearing. *DuBois v. State*, 258 Ark. 459, 527 S.W. 2d 595 (1975). If every accused who moved for a change of venue were granted his request because he offered affidavits and

testimony to support the motion, few cases would be held in the county where the alleged criminal act occurred. No doubt every accused could muster some support for a change of venue. A change of venue should be granted only when it is clearly shown that a fair trial is likely not to be had in the county. For these reasons such matters are left to the sound discretion of the trial court who is in a much better position to evaluate the situation than we are. We have carefully examined the record and are unable to say the trial court abused its discretion in this case.

## II.

**THE STATEMENT GIVEN BY THE APPELLANT TO THE STATE TROOPER IN THE EARLY MORNING HOURS FOLLOWING THE ACCIDENT SHOULD NOT HAVE BEEN ADMITTED INTO EVIDENCE.**

The supreme court is required to make an independent examination regarding the voluntariness of a confession when it is questioned. *Degler* v. *State,* 257 Ark. 388, 517 S.W. 2d 515 (1974); *Davis* v. *North Carolina,* 384 U.S. 737 (1966). The trial court conducted the required hearing and determined the inculpatory statement was voluntary. *Harris* v. *State,* 244 Ark. 314, 425 S.W. 2d 293 (1968); *Payne* v. *State,* 231 Ark. 727, 332 S.W. 2d 233 (1960). The supreme court's decision must be based upon the totality of the circumstances. *Degler,* supra. The Denno hearing was held on April 21, 1978, and the trial was held on June 20, 1978. Apparently this is the reason appellant did not abstract the separate hearing. However, the appellee has supplemented this portion of the record and it reveals the court heard the testimony of officers Harvey George, Herbert Hinsley and George Mann, as well as witnesses for appellant. Without setting out the details of this testimony, we find that the state met its burden of proof on voluntariness. The evidence included a waiver of rights form signed by appellant. We cannot say the finding of the court was clearly erroneous and therefore find no error.

## III.

**THE VERDICT OF THE JURY BELOW IS NOT SUPPORTED BY ANY SUBSTANTIAL EVIDENCE**

AND THEREFORE MUST BE REVERSED

Ark. Stat. Ann. § 41-1504 (Repl. 1977) states a person commits manslaughter if he recklessly causes the death of another person. "Recklessly" is defined in Ark. Stat. Ann. § 41-203(3) (Repl. 1977) as follows:

. . .

(3) "Recklessly." A person acts recklessly with respect to attendant circumstances or a result of his conduct when he consciously disregards a substantial and un-justifiable risk that the circumstances exist or the result will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

. . .

Ark. Stat. Ann. § 75-901 (Repl. 1957) provides:

. . .

(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 38 (§ 75-903). Every such stop shall be made without obstructing traffic more than is necessary.

(b) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment for not less than 30 days nor more than 1 year or by fine of not less than $100 nor more than $5,000, or by both such fine and imprisonment.

. . .

The evidence presented at the trial was to the effect that

appellant was so intoxicated that his friends called Wayne Stahl to drive appellant home because they thought appellant was unable to drive. It was testified that appellant and two others consumed a case of beer between 8:00 a.m. and 4:00 p.m. on the date of the accident and further that appellant helped several others drink another case or two of beer and some wine after 5:30 p.m. on the same day. One witness testified appellant drank two six-packs of beer that night and was fairly intoxicated. Others testified he was unable to walk straight before he was sent home. Two witnesses testified appellant drove the fatal vehicle away with Stahl as a passenger shortly before the accident. One witness testified she heard a noise near her house about 8:30 p.m. on the date of the accident and went outside and discovered her mailbox had been knocked down. Witnesses testified appellant left the Walters' mobile home about 8:30 p.m. The mailbox which had been knocked down was about a quarter-mile from the Walters' place. About 11:30 p.m. the wrecked automobile and the body of Stahl were found in the yard of the house where the mailbox had been knocked down. Appellant had not reported the accident although the accident occurred within a few feet of the home of one of the witnesses who had heard the crash about 8:30 p.m. It was testified appellant went to the house of Ron Mintzel about 9:30 p.m. and told Mintzel he had "flipped" his car. Mintzel further testified appellant was staggering and could hardly walk and he could smell alcohol on his breath.

Viewing the evidence most favorably on behalf of appellee, we must state that the evidence was sufficient to support the verdict and judgment.

IV.

THE MOTION BY THE APPELLANT FOR NEW TRIAL IN THE CIRCUIT COURT BELOW SHOULD HAVE BEEN GRANTED. IN REFUSING NEW TRIAL, THE CIRCUIT COURT ABUSED ITS DISCRETION, AND THIS COURT SHOULD THEREFORE REVERSE THE CONVICTION OF THE APPELLANT.

Appellant contends a new trial should have been granted on grounds (6) and (7) of Ark. Stat. Ann. § 43-2203 (Repl.

1977). The newly discovered evidence was that one of the witnesses allegedly gave perjured testimony at the trial. Also, an affidavit by appellant's trial attorney stated the perjured testimony of the state's witness was not discovered until after the trial and that it was not possible to discover it until the trial was over.

The court conducted a hearing and took testimony on the motion for a new trial. The state's witness who allegedly gave false testimony at the trial was called to testify at the hearing on the motion for a new trial. Other witnesses also testified at this time. All of this testimony related to the defective condition of the brakes or steering on the automobile involved in the fatality. After hearing all the evidence the court denied the motion for a new trial. No evidence was presented which tended to show the accident was caused by defective brakes or steering.

A new trial is left to the sound discretion of the trial court when newly discovered evidence is argued. *Treat* v. *State,* 253 Ark. 367, 486 S.W. 2d 16 (1972). Newly discovered evidence is one of the least favored grounds for a new trial. *Williams* v. *State,* 252 Ark. 1289, 482 S.W. 2d 810 (1972). The trial court gave appellant every opportunity he requested to present evidence and offer testimony. The trial court heard the witness, and others, at the trial and at the motion for a new trial, and was of the opinion a new trial was not required under the circumstances. Had there been any evidence that the brakes and/or steering contributed to the cause of the accident, which occurred on a straight stretch of the road, appellant's argument would have been more persuasive. However, we do not find the trial court abused its discretion in denying a new trial.

After a review of all four points advanced for reversal and examining the entire record, we are unable to find any reversible error. Therefore, the verdict and judgment are affirmed.

Affirmed.

HARRIS, C.J., concurs in result.