Miguel Angel VASQUEZ *v.* STATE of Arkansas

CR 85-107 701 S.W.2d 357

Supreme Court of Arkansas
Opinion delivered December 23, 1985
[Rehearing denied January 27, 1986.*]

---

* Purtle, J., not participating.

*Jacoway & Sherman*, by: *William F. Sherman*, for appellant.

*Steve Clark*, Att'y Gen., by: *Charles R. Lucus*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Miguel Angel Vasquez, was convicted by a jury of first degree murder and sentenced to 40 years in prison. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(b).

On appeal, the appellant challenges the testimony of two witnesses, the sufficiency of the evidence, and the trial court's denial of his motion for new trial. We find no merit in any of his arguments and affirm the jury's verdict.

The appellant was charged with first degree murder for the stabbing death of Wanda Horton, whom he had been dating for about a year. According to the trial testimony, Vasquez and Mrs. Horton had been having difficulties and Vasquez was despondent about the relationship. On July 29, 1984, Vasquez spent the evening with friends and consumed a quantity of alcoholic beverages. He arrived home at 1 a.m. on the morning of July 30, 1984. Appellant apparently then called a taxi and went to the home of the deceased. By his own admission, Vasquez broke into the home. Appellant testified he was carrying a shotgun, ostensibly for protection, and he and Mrs. Horton struggled over the shotgun, at which point he blacked out. Appellant, who was also stabbed, stated that his next conscious moment was when he awakened in the hospital.

Mrs. Horton's mother, Elsie Hicks, and son, Rocky Hales, lived in the house with her. Mrs. Hicks testified that she saw her

daughter and Vasquez struggling and she witnessed the fatal stabbing. Mrs. Hicks said that Hales ran out of the house for help soon after Vasquez arrived. Hales did not testify. The State presented medical testimony that Mrs. Horton sustained two stab wounds and died as a result of a knife wound to the heart. Two knives were found at the scene, but fingerprints were not obtained from either one that matched the appellant or the victim. One of the knives had blood on it of the same blood type as the appellant's. The State offered testimony by a forensic serologist that, when a knife is used on two people, the blood of the second person usually remains on the knife and can be identified. The appellant alleged intoxication as an affirmative defense.

Appellant first contends that the court erred by failing to instruct the State's witness, Mrs. Hicks, to answer defense counsel's questions and failed to instruct the jury to disregard her unresponsive answers.

Mrs. Hicks, who is between 75 and 80, stated at the outset of her testimony that she is hard of hearing. Her testimony is characterized by her difficulty in hearing and, apparently, in understanding questions asked of her by both the prosecutor and the defense attorney. Appellant's attorney objected twice during the cross-examination of Mrs. Hicks to her unresponsiveness. Both times Mrs. Hicks' answers were at least partially responsive. We do not reverse a judge's decision as to the supervision of a trial unless a manifest abuse of discretion is shown. *See Roberts & Charles* v. *State*, 254 Ark. 39, 491 S.W.2d 390 (1973). When only a portion of a witness's answer is objectionable, the trial court is not required to sustain an objection to the whole answer. It is the duty of the objector to separate the admissible part from the inadmissible. 81 Am.Jur.2d *Witnesses* § 436 p. 445 (1976). The judge, therefore, did not abuse his discretion by overruling appellant's objections.

As to the court's failure to instruct the jury to disregard the statements of Mrs. Hicks, defense counsel did not request such an instruction and cannot raise the argument now on appeal.

Appellant also challenges the sufficiency of the evidence. We have held that there must be substantial evidence to support a jury verdict. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980).

■ Appellant's challenge to the sufficiency of the evidence is based on inconsistent statements by Mrs. Hicks and the jury's interpretation of the evidence. We have long held that the weight of the evidence and the credibility of the witnesses are matters for the jury and not for this court. *Jones, supra.* "Reconciling conflicts in the testimony and weighing the evidence are within the exclusive province of the jury, and it is the jury's prerogative to accept such portions of the testimony which it believes to be true and discard that deemed false." *Brown v. State,* 278 Ark. 604, 648 S.W.2d 67 (1983).

We characterized *Jones, supra,* as "a case of the word of the victim against that of Jones and several alibi witnesses" and upheld the jury for choosing to believe the victim, since the victim's testimony was substantial evidence. Here, it is a case of the word of the appellant, his expert and character witnesses, against that of the victim's mother and the State's investigative evidence. Since the jury chose to believe Mrs. Hicks, we merely determine whether her testimony was substantial evidence. We find that it was, and uphold the jury's verdict.

The appellant's final contention based on the trial proceedings, is that it was error for the court to allow the testimony of Debra Corley, a rebuttal witness, since the appellant was not notified of the existence of this witness during the discovery phase of the proceedings.

■ Arkansas R. Crim. P. 17.1(a)(i) requires the prosecuting attorney to disclose to defense counsel the names and addresses of persons the prosecutor intends to call as witnesses. We have held that it is not error for the court to permit the State to present witnesses without giving the requested notice, if they were in the nature of rebuttal witnesses. *Perkins v. State,* 258 Ark. 201, 523 S.W.2d 191 (1975); *Parker v. State,* 268 Ark. 441, 597 S.W.2d 586 (1980), *rehearing denied.*

In *Parker* we allowed two surprise rebuttal witnesses where the witnesses were testifying as to the defendant's mental condition. We pointed out that the defense had the burden of proving legal insanity and held, "[i]f a witness called in rebuttal is a genuine rebuttal witness, offering evidence to rebut that presented by the defense, not pertaining to evidence the State would be obligated to present in its case in chief, then the State is

not required to furnish the name of such a witness."

Here, while cross-examining the appellant, the prosecutor asked whether he had ever threatened the victim before. The appellant replied that he had not. The prosecutor then questioned the appellant about his last telephone conversation with Mrs. Horton while she was at work. The appellant admitted that he talked to her the Friday before her death and stated that, in that conversation, they made plans to see each other. He denied that he threatened her during that phone call.

After the defense had rested, the State called Ms. Corley, a co-worker and friend of the deceased, as a rebuttal witness. Ms. Corley stated that Mrs. Horton received a phone call at work the Friday before her death, after which she appeared to be afraid. Because of her fear, Ms. Corley testified, Mrs. Horton spent the weekend with her.

A close question is presented here as to whether Ms. Corley was a true rebuttal witness, since she never identified who Mrs. Horton talked to Friday that frightened her. If the State's purpose in calling Ms. Corley was to show premeditation on the part of the appellant, that is evidence the State would be obligated to present in its case in chief, not on rebuttal. The State, however, offered proof of premeditation outside of Ms. Corley's testimony. The fact that the appellant arrived carrying a shotgun, broke both a screen and side door into the house, struggled with the victim, and stabbed her more than once, see Stout v. State, 263 Ark. 355, 565 S.W.2d 23 (1978), provided evidence of premeditation.

Under these particular circumstances, the State's action in calling Ms. Corley as a witness did not prejudice the appellant. We do not grant a reversal for error which is unaccompanied by a showing of prejudice. Berna v. State, 282 Ark. 563, 670 S.W.2d 435 (1984).

The appellant's final basis for appeal is the court's denial of his motion for a new trial based on a verdict which is against law or evidence and newly discovered evidence. Ark. Stat. Ann. § 43-2203 (5) and (6) (Repl. 1977). By finding the evidence sufficient to support the conviction, we have effectively ruled on the question of whether the verdict is against the law or evidence.

The newly discovered evidence offered by the appellant

consists of an affidavit and testimony by a witness who, during the trial, overheard Mrs. Hicks tell Rocky Hales to say he was out of the house when the murder occurred. Appellant argues he was unable to interview Hales prior to the trial and Hales' statement to the police was inconsistent with statements he made to neighbors the night the murder occurred. Appellant also urges as newly discovered evidence the testimony of the director of the Blood Alcohol Program for the Arkansas Department of Health, as to the appellant's blood alcohol content on the night in question.

The trial court conducted a hearing on the appellant's motion at which several witnesses testified and Hales' testimony was proffered by defense counsel. In denying the motion, the trial court found that the matters raised were resolved by the trial, the issues were fairly presented, and no new evidence has been found. The court further held that none of the issues raised by appellant "would have altered the testimony of the grandmother seeing the defendant with a particular knife and thrusting it into the body of the deceased. The same apparent knife having the blood type of the defendant." We agree.

The decision whether to grant a new trial is left to the sound discretion of the trial judge and he is not reversed in the absence of an abuse of discretion or manifest prejudice to the complaining party. *Harvey* v. *State*, 261 Ark. 47, 545 S.W.2d 913 (1977). Newly discovered evidence is one of the least favored grounds for a new trial. *Kirkendall* v. *State*, 265 Ark. 853, 581 S.W.2d 341 (1979). Critical to the inquiry into newly discovered evidence "are the diligence of the defendant in discovering the testimony and the probable effect of the testimony at the trial." *Newberry* v. *State*, 262 Ark. 334, 557 S.W.2d 864 (1977). Evidence which is merely cumulative or an attack on the credibility of the trial witnesses is not grounds for a new trial. *Orsini* v. *State*, 281 Ark. 348, 665 S.W.2d 245 (1984), *rehearing denied, cert. denied*, 105 S. Ct. 162.

Applying these rules to the case at bar, as the trial court noted, testimony about the inconsistencies of Rocky Hales' story does not change the fact that Mrs. Hicks witnessed the stabbing. The statements instead would go to Mrs. Hicks' credibility which is not grounds for a new trial. Hales was subpoenaed by the State

and was available during the trial, yet the appellant apparently made no effort to question him at that time. Accordingly, we find the appellant was not diligent in discovering the new testimony and has failed to demonstrate that it would have had a significant effect on the testimony at the trial.

Similarly, the testimony as to the appellant's blood alcohol content is also not newly discovered evidence. The hospital report made when appellant was admitted contained information about appellant's blood alcohol level and was presented to the jury by the defense. Appellant did not exercise due diligence in utilizing this information before the trial. He also has failed to demonstrate prejudice, since several witnesses testified that the appellant had been drinking that night.

Accordingly, the trial court's ruling on appellant's motion was correct, and the jury's verdict is upheld.

Affirmed.

Purtle, J., not participating.

Supplemental Opinion on Denial of Rehearing
February 3, 1986

702 S.W.2d 411

JACK HOLT, JR., Chief Justice. The appellant filed a petition for rehearing contending that the opinion failed to address the question of whether Debra Corley's testimony that the deceased had received a phone call at work the Friday before her death, after which she appeared to be afraid, was hearsay.

In the opinion, we recounted Ms. Corley's testimony and stated that the State's action in calling Ms. Corley as a witness did not prejudice the appellant. We do not reverse for nonprejudicial

error.

As to the substance of her testimony, however, Ms. Corley's statement that the deceased appeared to be afraid falls within an exception to the hearsay rule for then existing mental, emotional, or physical condition. Unif. R. Evid. 803(3). That rules provides that "a statement of the declarant's then existing state of mind, emotion, [or] sensation, . . . such as mental feeling" is not excluded by the hearsay rule. We have specifically held that "evidence of the state of mind of the victim, prior to a murder, was admissible." *Mackey* v. *State*, 279 Ark. 307, 651 S.W.2d 82 (1983).

Appellant's argument that the testimony was hearsay is based on a discussion in McCormick on Evidence § 296 p. 853-54 (3d ed. 1984). That section reads as follows:

> A recurring problem arises in connection with the admissibility of *accusatory statements made before the act by the victims of homicide.* If the statement is *merely an expression of fear,* i.e. "I am afraid of D," *no hearsay problem is involved* since *the statement falls within the hearsay exception* for statements of mental or emotional condition. This does not, however, resolve the question of admissibility. Since nothing indicates that the victim's emotional state is in issue in the case, the purpose of the offer of the statement must be to suggest the additional step of inferring some further fact from the existence of the emotional state. The obvious inference from the existence of fear is that some conduct of D, probably mistreatment or threats, occurred to cause the fear. The possibility of overpersuasion, the prejudicial character of the evidence, and the relative weakness and speculative nature of the inference, all argue against admissibility *as a matter of relevance.* Even if one is willing to allow the evidence of fear standing alone, however, the fact is that such cases seem to occur but rarely. In life, the situation assumes the form either of a statement by the victim that D has threatened him, from which fear may be inferred, or perhaps more likely a statement of fear because D has threatened him. In either event, the cases have generally excluded the evidence. Not only does the evidence possess

the weaknesses suggested above for expressions of fear standing alone, but in addition it seems unlikely that juries can resist using the evidence for forbidden purposes in the presence of specific disclosure of misconduct of D. (emphasis added)

The statement made by Ms. Corley to which the appellant objects was not "accusatory", it was merely an expression that the victim was afraid. McCormick admits that a statement which is merely an expression of fear does not present a hearsay problem since the statement falls within the 803(3) exception. The admissibility question discussed by McCormick revolves around the statement's *relevance*. The appellant's objection to Ms. Corley's testimony was based on hearsay, not relevance. We have long held that a party cannot change the grounds for an objection on appeal.

The appellant's other contentions in his petition for rehearing are repetitions of the arguments raised in this appeal and as such are not proper grounds for rehearing. Sup. Ct. R. 20(g).

Rehearing denied.

PURTLE, J., not participating.