Roderick BUNTON v. STATE of Arkansas

CA CR 91-77                                    820 S.W.2d 466

Court of Appeals of Arkansas
Division II
Opinion delivered December 4, 1991
[Rehearing denied January 22, 1992.]

*Jeff Rosenzweig*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Roderick Bunton was charged with aggravated assault as a result of an incident that occurred at the My Generation nightclub in Little Rock. Bunton waived a jury trial, was found guilty of the charge by the trial judge, and was sentenced to five years imprisonment. There was evidence at trial that Bunton fired a pistol at Officer Jerry Best outside the club on the night of May 13, 1990.

For reversal Bunton contends that the trial court erred in denying his motion for new trial and erred in denying his petition for a writ of error *coram nobis*. We find no error and affirm.

The defendant's motion for new trial was based on Ark. Code Ann. § 60-89-130 (1987). That code section provides that the court may grant a new trial:

(5)   Where the verdict is against the law or the evidence;

(6)   Where the defendant has discovered important evidence in his favor since the verdict;

(7)   Where, from the misconduct of the jury, or from any other cause, the court is of opinion that the defendant has not received a fair and impartial trial.

In support of the motion the defendant submitted his own affidvit and those of Anita Williams and Cynthia Wilkins. In her affidavit, Ms. Williams stated that she had seen the defendant and Joseph Stewart the evening of May 13 before they left for the nightclub. She said that she saw that Stewart, not the defendant, had a gun. She also stated that the day after the defendant was arrested, Stewart admitted shooting the gun.

Ms. Wilkins stated in her affidavit that she had been at Stewart's house when he and the defendant left. She said she saw

Stewart with a gun but did not see that Bunton had one.

At the hearing on the motion for new trial the defendant admitted that he had been aware of these witnesses but had not told his lawyer about them because he thought their testimony would be hearsay.

Whether to grant a new trial is a decision left to the sound discretion of the trial judge. *Vasquez* v. *State*, 287 Ark. 468, 701 S.W.2d 357 (1985). We do not reverse that decision absent an abuse of discretion. *Harvey* v. *State*, 261 Ark. 47, 545 S.W.2d 913 (1977). One of the primary factors to be considered is the diligence of the defendant in discovering the testimony. *See Newberry* v. *State*, 262 Ark. 334, 557 S.W.2d 864 (1977). In the case at bar the defendant was aware of the witnesses and their testimony. We do not think that his lack of diligence in bringing these witnesses to the attention of his trial counsel is excused by his own opinion as to the inadmissibility of their testimony. We find no abuse of discretion in the denial of the motion for new trial.

After the motion for new trial was denied the trial court held a hearing on the defendant's petition for a writ of error *coram nobis*. Bunton testified that after his conviction he happend to encounter a man named Clarence Fair, whom he had seen at a club before but had never met. In talking with Fair, Bunton learned that Fair had been at the nightclub the night of the shooting. Fair testified that he had been at the club on that night. He said he saw Joseph Stewart, not the defendant, shoot a gun outside the club. Fair testified that there were no police officers around when he saw the shot fired. In denying the petition for the writ, the trial judge noted that he did not think Fair's testimony would have made a difference because the evidence at trial was that police officers were present when the shot was fired. The trial judge inferred that Fair had observed a different incident.

In *Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984), the supreme court described the writ of error *coram nobis* as an excessively rare remedy, more known for its denial than its approval. The court said "[t]he writ is granted only when there is an error of fact extrinsic to the record such as insanity at the time of trial, a coerced plea of guilty, or material evidence withheld by the prosecutor." *Penn* at 573. While strictly limiting the decision to the facts of the case, the court in *Penn* held that a subsequently

discovered confession made by a third party might be grounds for issuance of the writ.

■ Recently, the supreme court has made it clear that newly discovered evidence is not a basis for relief under *coram nobis*. *Smith* v. *State*, 301 Ark. 374, 784 S.W.2d 595 (1990). In our view the proffered evidence of Clarence Fair was merely newly discovered evidence and as such will not support the issuance of the writ.

For the reasons stated we find no error and affirm.

Affirmed.

CRACRAFT, C.J., and ROGERS, J., agree.