Lewis Albert BROOKS *v.* STATE of Arkansas

CA CR 01-663                                                    61 S.W.3d 916

Court of Appeals of Arkansas
Division III
Opinion delivered December 5, 2001

*John Settle*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Lewis Albert Brooks was found guilty of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver. He received sentences of forty years' imprisonment for the cocaine charge and ten years' imprisonment for the marijuana charge, with the sentences running consecutively. Brooks was also fined $50,000 for each offense. On appeal, Brooks argues that (1) the trial court erred in allowing the State to introduce a statement, allegedly made by Brooks to a police officer but not disclosed to Brooks or his counsel prior to trial, even though Brooks filed a motion for discovery; (2) the trial court erred in denying his motion for a new trial; and (3) the trial court erred in denying his motion for a new trial without allowing a hearing as requested by Brooks. We affirm.

On the morning of September 13, 2000, Brooks was stopped by an Arkansas State Trooper due to his erratic driving in a construction zone. During the stop, he consented to a search of his vehicle. Thirty-four bundles of marijuana and two bundles of cocaine were found in a hidden compartment located in the floor of the vehicle.

Brooks was charged with possession of cocaine with intent to deliver and possession of marijuana with intent to deliver. Brooks's counsel filed a motion for discovery, requesting copies of any written or recorded statement and the substance of any oral statements made by Brooks. The State responded to the request by reporting that Brooks had made oral statements, and they were attached to the officer's report. The State also provided a copy of an audio recording of the traffic stop. A jury trial was held January 26, 2001, in the Crawford County Circuit Court.

During cross-examination, Brooks denied telling the officers that he and his wife were separated, and that he was hauling the drugs in order to earn money to get back together with her. Following the close of Brooks's case, the State recalled Agent Richard Hoffman. Hoffman contradicted Brooks's testimony, stating that Brooks told him he was hauling the drugs so he could get back together with his wife. Brooks objected to Hoffman's testimony because the statement had not been disclosed during discovery. The trial court overruled the objection. Hoffman went on to testify that

he had told the State about the statement on the day he completed his paperwork. Brooks took the stand again and denied making the statement. Due to the State's failure to disclose the inculpatory statement, Brooks filed a motion for new trial and requested a hearing on his motion. Brooks alleged that withholding the statement prejudiced him and was a denial of due process. The court denied the motion without holding a hearing.

On appeal, Brooks alleges the trial court erred in allowing the State to introduce the inculpatory statement that was not disclosed to him or his counsel prior to trial despite his filing of motions for discovery. We hold that Brooks waived his argument. A party who does not object to the introduction of evidence at the first opportunity waives such an argument on appeal. *Marts II v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998). The policy reason behind this rule is that a trial court should be given an opportunity to correct any error early in the trial, perhaps before any prejudice occurs. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000). Similarly, objections to discovery violations must be made at the first opportunity in order to preserve them for appeal. *Marts II, supra.* Thus, Brooks waived his argument when he failed to object to the inculpatory statement during cross-examination.

Had we reached the merits of Brooks's argument, we would hold that the admission of the statement was not prejudicial. Rule 17.1(a)(ii) of the Arkansas Rules of Criminal Procedure imposes a duty on the prosecution to disclose upon timely request "any written or recorded statements and the substance of any oral statements made by the defendant." *See also Tester v. State*, 342 Ark. 549, 30 S.W.3d 99 (2000); *Henry v. State*, 337 Ark. 310, 989 S.W.2d 894 (1999). Arkansas Rule of Criminal Procedure 19.7 provides that if the court learns that the prosecution has failed to comply with a discovery rule such as Rule 17.1, the court may order the prosecution to permit the discovery or inspection of the material not previously disclosed, grant a continuance, prohibit the party from introducing the undisclosed material, or enter such order as it deems proper under the circumstances. *Henry v. State, supra.* When testimony is not disclosed pursuant to pretrial discovery procedures, the burden is on the appellant to establish that the omission was sufficient to undermine confidence in the outcome of the trial. *Hicks v. State*, 340 Ark. 605, 12 S.W.3d 219 (2000). Upon the introduction of his inculpatory statement, Brooks should have asked for a continuance. Furthermore, he has failed to show that the omission undermines confidence in the outcome of the trial.

■ ■ Brooks's second argument on appeal is that the trial court erred in denying his motion for new trial. The decision on whether to grant or deny a motion for new trial lies within the sound discretion of the trial court. *State v. Cherry*, 341 Ark. 924, 20 S.W.3d 354 (2000). We do not reverse that decision absent an abuse of discretion. *Bunton v. State*, 36 Ark. App. 170, 820 S.W.2d 466 (1991). Brooks has failed to show that the trial court abused its discretion; therefore, we affirm the denial of his motion for new trial.

■ Brooks also argues that the trial court erred in denying his motion for new trial without allowing a hearing as he requested. Arkansas Rule of Criminal Procedure 33.3 provides that "the trial court shall designate a date certain if a hearing is requested . . . to take evidence, hear and determine all of the matters presented. The hearing shall be held within ten (10) days of the filing of any motion unless circumstances justify that the hearing or determination be delayed." Our supreme court has held appropriate a trial court's denial of a motion for new trial without a hearing where the holding of a hearing would have been superfluous. *See Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996). Here, judicial economy would not have been served by holding a hearing, because Brooks failed to set out any new evidence. Therefore, we hold that it was appropriate for the trial court to deny Brook's motion for new trial without holding a hearing.

Affirmed.

ROBBINS and CRABTREE, JJ., agree.